### JOHN J. RUNCK v. W. F. TIMON, COUNTY JUDGE.

Decided November 8, 1907.

**1.—Mandamus—Trial Judge—Statement of Facts.**

An application for mandamus to compel a county judge to incorporate in a statement of facts prepared by him a copy of a contract introduced in evidence by the relator and alleged to be the basis of his suit, will be refused when it appears that the substance of said contract is fully and fairly incorporated in such statement of facts. Neither the statute nor the rules are mandatory in the requirement that an instrument in writing, such as that in question in this case, should be copied at length in the statement of facts.

**2.—Same—Appellate Jurisdiction.**

The Appellate Courts have no power to control the action of a trial judge in making up a statement of facts as to what shall or shall not be embraced therein, provided the statement does not on its face appear to be incomplete.

Original application for mandamus.

*Duval West* and *F. H. Booth,* for relator.—The jurisdiction of the Court of Civil Appeals in this case attached when plaintiff filed his appeal bond. Rev. Stats., art. 1402; Boggess v. Harris, 90 Texas, 476.

The jurisdiction of this court having vested, it may issue a writ of mandamus to enforce such jurisdiction. Rev. Stats., art. 997.

The jurisdiction of this court in said cause having attached, it may, by mandamus, require the county judge to include and embrace in his statement of facts a copy of the written instrument upon which petitioner's cause of action depended. Rev. Stats., art. 1379; Ib., art. 1380; Rules 72, 74 and 76 District and County Courts.

The petitioner is without adequate legal remedy in the premises, and to secure the full enforcement of his rights, the writ prayed for is necessary. Ennis Mercantile Co. v. Wathen, 93 Texas, 624; Arkansas B. & L. Assn. v. Madden, 91 Texas, 461.

*S. N. Dorsett* and *J. A. Pope,* for respondent.

REESE, ASSOCIATE JUSTICE.—This is an application for a writ of mandamus to compel respondent to insert as a part of the statement of facts in the cause, prepared by him, a copy of a certain written contract alleged by relator to be the foundation of his cause of action.

The suit was in the County Court, and upon trial there was judgment against relator here, who was plaintiff in that suit. Appeal to this court from the judgment has been duly·perfected. Upon failure of counsel to agree upon a statement of facts, the trial judge, respondent here, was called upon to prepare and file such statement, which was done by him. A certain contract in writing was introduced in evidence by plaintiff in the court below upon the construction of which his case rests. In preparing the statement of facts,̂ respondent did not copy this contract in full, though specially requested to do so, but instead made what purports to be a statement of its substance. The·writ of mandamus here sought is to require the respondent, the county judge trying the case, to insert in the state-' ment of facts a copy, in full, of this written contract.

Accompanying the petition is a copy of the contract and also a copy of the statement of facts. Referring to the contract in question the trial judge makes the following statement: "Which contract in substance contained the following material facts," followed by the terms of the contract. It is not stated by relator in his petition for mandamus that the statement of the terms of the contract in the statement of facts is not what it purports to be. Comparing the statement with the written contract it appears to us to be a full and fair statement of all of its material facts. This is sufficient to authorize a refusal of the writ of mandamus. In addition, it may be said that while the statute (art. 1379, Rev. Stats.) and the rules of court (Rule 72 for the District Court) provide that an instrument such as a note or other contract, mortgage or deed of trust that constitutes the cause of action may be copied once in the state-

ment of facts, we do not regard this provision as mandatory. Rule 76 provides that when this is done only such part of the instrument as is material to the issue shall be copied.

There is, further, no power in the Appellate Courts to control the action of a trial judge or court in the matter of making up a statement of facts, as to what shall or shall not be embraced therein. The writ of mandamus is refused.

*Mandamus refused.*

### ON MOTION FOR REHEARING.

Relator insists that the ruling of this court in refusing the writ of mandamus is in conflict with the decision of the Supreme Court (on motion for rehearing) in Trinity & Sabine Ry. v. Lane (79 Texas, 648).

We understood the Supreme Court to hold, substantially, in that case that where the statement of facts made up by the judge shows that certain documentary evidence was introduced and the judge, in making up a statement of facts, does not include either a copy of such documents or a statement of their substance, such statement thus appearing on its face to be incomplete, the judge may be required by mandamus to make a complete statement of facts including either the documents in full or a statement of the substance thereof. The writ of mandamus in this case was refused primarily on the ground that the statement of facts prepared by the county judge did contain the substance of the contract referred to in relator's application.

Attached to the relator's application are copies of the statement of facts and the contract referred to. We have again most carefully examined them and compared the statement of the material portions of the contract, as set out in the statement of facts, with the contract itself, and we must adhere to our conclusion that the statement contains a full, fair and clear statement of the substance of the contract, omitting nothing that could be considered of the slightest materiality in construing the contract. Neither in the original application of relator, nor in this motion for rehearing, is our attention called to any failure in the statement of facts in this regard. In this view it appears clear to us that an insertion in the statement of facts of the contract in full would be a mere idle formality. The county judge has in fact done all that is required by the rule and the statute. (Rules for District Courts, 72 to 76; art. 1379, Rev. Stats.)

In our opinion it is said that the provision of art. 1379, Rev. Stats., that a contract, deed, etc., may be copied once in the statement of facts, is not mandatory. This was said in view of the fact that the statement of facts did contain a clear and full statement of the substance of the contract in question. We do not understand the Supreme Court to intimate in the case referred to that where this is done the statement is incomplete, or that the judge may be required by mandamus to make up a statement in which the instrument is copied in full.

The statement in the last paragraph of our opinion that "there

is no power in the Appellate Courts to control the action of a trial judge in making up a statement of facts, as to what shall or shall not be embraced therein" must, in view of what is said by the Supreme Court in Railway v. Lane, be limited to such statements as do not appear upon their face to be incomplete. The motion for rehearing is overruled.

*Overruled.*