Delivered February 20, 1891.

---

THE TRINITY & SABINE RAILWAY COMPANY v. J. B. LANE.

No. 2991.

1.   **Opinion.**—A witness who testified to the manner in which plaintiff was injured on cross-examination admitted that he did not see the plaintiff when injured, and that he had testified to his opinion as to the matter.   *Held,* that upon objection his testimony should have been excluded.

**2. Conflict in Testimony.**—See conflict in testimony to the condition of the side tracks, to the want of experience in the business by the plaintiff, and that plaintiff was not negligent when injured. There being testimony supporting the finding by the jury the verdict is not disturbed.

**3. Documents Called for but not Inserted in Statement of Facts.** — The court must act upon the statement of facts as found in the record, and the law provides no means for its amendment. The clerk properly declined to insert in the statement of facts made up by the judge a contract of employment between the parties intended to be inserted.

**4. Liability of Railway Company for Injury to Employe of Another Railway Company.**—The defendant company by accepting its charter assumed the obligation to keep its tracks in safe condition for the operation of trains over them; this is a duty it owes to all persons who are permitted by it to travel upon or operate trains over it.

**5. Same.**—The plaintiff being employed upon the train of another company which was making trips over the defendant's road, was entitled to presume that this duty (keeping its track in safe condition) would be performed; and having been injured by reason of the failure to perform it, he is entitled to recover of defendant damages for his injury.

**6. Verdict not Excessive.**—See facts under which a verdict for $12,000 damages was sustained. Loss of one of his feet was the injury suffered.

ON REHEARING.

**7. Mandamus to Secure Perfect Statement of Facts.**—Since the passage of the statute which permits a statement of facts under certain circumstances to be filed after the lapse of ten days from the adjournment of the court, no reason exists why a party who has used due diligence to procure a statement of facts may not compel by mandamus the trial judge to prepare and file one when he has failed to do so.

**8. Same.**—The statement of facts prepared by the trial judge being incomplete, the remedy for appellant was to apply to the Supreme Court for mandamus to compel the judge to complete it. The failure of the judge is no ground for reversal.

APPEAL from Trinity. Tried below before Hon. N. G. Kittrell. The opinion gives a statement of the case.

*Sam T. Robb* and *J. P. Stevenson,* for appellant.— 1. Although appellant may have been negligent in not keeping its road bed in good repair at the point where appellee was injured, yet where the negligence of the plaintiff is the proximate cause of the injury, and has been of such a character that the defendant could not have avoided its effects, plaintiff can not recover. Smith on Neg., 2 ed., p. 231; Bish. on Non-Con. Law, sec. 462; 3 Laws. Rights and Rem., secs. 1195, 1196.

2. Where a brakeman, in violation of the rules of the company, undertakes to make an uncoupling of a moving train and is injured, he can not recover for the injury, and it is immaterial that he was ordered to make the uncoupling by the conductor. Railway v. Smith, 14 S. W. Rep., 427; Sedgwick v. Railway, 41 N. W. Rep., 35; Railway v. Rice, 11 S. W. Rep., 699; Railway v. Myers, 8 Am. and Eng. Ry. Cases, 114; Lockwood v. Rail-

way, 6 Am. and Eng. Ry. Cases, 151; Railway v. Calderwood, 7 South. Rep., 360; Darracutts v. Railway, 2 S. E. Rep., 511; 1 Laws. Rights and Rem., sec. 315.

3.   Where the substantial and proximate cause of the injury is the act of a third party, the effects of which the appellant could not avoid, foresee, or prevent, then and in that event the appellant should not be held liable, although it may have been negligent in not keeping its track in good repair and condition at the point complained of by appellee and where it is alleged he received his injuries.   Smith on Neg., p. 228; Brandon v. Manf. Co., 51 Texas, 121; Railway v. Parker, 50 Texas, 330; Ins. Co. v. Tweed, 7 Wall., 52.

4.   A person accepting employment from a railroad company as brakeman not only assumes the risks ordinarily incident to such employment, but he also assumes that he has the capacity to understand the nature of the service and the requisite ability to perform it, and that he is familiar with the duties of the service undertaken.   Sedgwick v. Railway, 34 N. W. Rep., 790; Railway v. Hester, 64 Texas, 401; Watson v. Railway, 58 Texas, 434; Railway v. Watts, 63 Texas, 549; Railway v. Dillard, 70 Texas, 62.

5.   The lease of a railroad, whether by authority of law or without such authority, effects a transfer of the rights and liabilities in its management, so that the corporation owning the railroad is discharged from responsibility for the lessee's torts so far as the servants and employes of the lessee are concerned, and one employed as brakeman by a railroad company operating as lessee, without authority of statute, a railroad belonging to another corporation, can not recover of the latter corporation for injuries sustained on account of a defect in the railroad track of the lessor.   Railway v. Watts, 63 Texas, 549; Railway v. Culberson, 72 Texas, 375; 5 Wait's Act. and Def., 335.

*Adams & Adams,* for appellee.

GAINES, ASSOCIATE JUSTICE.—This was an action for personal injuries, brought by appellee against the appellant corporation.   The appellee took service as a brakeman on a train of the Missouri Pacific Railway Company.   The train, being operated upon appellant's road, passed on to a side track, where it became his duty to uncouple the cars.   The side track, as he testified, was badly constructed and was uneven, and was not filled in between the ties.   On account of the unevenness of the track, as he further testified, the cars being in motion, he was unable to uncouple them while remaining upon the ground.   He therefore mounted a flat car that was to be detached and attempted to withdraw the pin while occupying that position, but by reason of a jolt resulting from the unevenness of the track, as he swore, he was thrown between the cars, and in order to ex-

tricate himself caught with his foot upon the coupling.   He further testified that he would have succeeded in saving himself but from the fact that the continued jolting of the cars resulting from the roughness of the road prevented him.   His foot was crushed between the coupling and was injured to such an extent that an amputation became necessary.

The conductor of the train gave evidence contradictory of the testimony of the plaintiff as to the manner in which the accident occurred, but upon cross-examination admitted that he did not see the plaintiff until he jumped from the cars, at which time the injury had been inflicted. He admitted that his testimony upon this point was a mere matter of opinion; and if an objection had been urged to it, it should have been excluded.

The plaintiff entered the service of the Missouri Pacific Railway Company only nine days before the accident, and at the time he so entered he was practically without experience in railway work.   He testified that he was not instructed as to his duties; was not aware that the mode of uncoupling attempted by him was dangerous; and that but for the defect in the track he could have saved himself from injury.

The conductor testified that he warned him but an hour before the accident not to attempt to make a coupling while on the cars, and that immediately after the injury was inflicted he reminded him of his warning, and that the plaintiff expressed his regret that he had not taken the advice.

The plaintiff in his rebutting evidence denied the warning, and also denied that any such conversation occurred as that to which the conductor had testified.   Upon the latter point the plaintiff was corroborated by two other witnesses.   The plaintiff also testified that in working on the road he had passed the side track, but had not observed it and did not know of its defective condition until the time of the accident.

The appellant's first six assignments of error complain that the verdict of the jury is not supported by the evidence in the following particulars, to-wit:   (1) As to the condition of the side track; (2) as to the question of contributory negligence; and (3) as to a knowledge of the plaintiff as to the defects in the side track.

We think that there was evidence sufficient to justify the jury in finding that the side track was in bad condition, and that but for its defective condition the plaintiff would not have been injured; that he was inexperienced and had not been instructed as to the dangers and manner of making the coupling, and that therefore he was not negligent; and that he had no knowledge as to the imperfect state of the track that caused the accident.

It is also complained in effect that the verdict is against the evidence, "because the proof showed that plaintiff, when applying for a position as brakeman, represented himself as having had two years experience railroading, and obligated himself to observe all the rules and regulations

of the railroad company, and declared that he had been informed of the duties of a railroad brakeman and had been told of the great danger the duties of brakeman would expose him to; and the proof showed also that he had been instructed concerning the duties of a brakeman after he went into the service of the Missouri Pacific Railroad Company and previous to his injury; and because the proof showed further that it was a gross violation of the rules of the company for an employe to get on the train or try to uncouple the cars while in motion, and that it was dangerous to go between the cars while in motion to uncouple them; and further, the evidence showed that plaintiff violated all of these rules at the time he was injured."

It would be sufficient to say in order to dispose of this assignment that the proof, as exhibited in the statement of facts, showed none of these things. But it is to be inferred that there was introduced in evidence a contract with the Missouri Pacific Railway Company signed by the plaintiff at the time he entered into its employment. This contract, however, is not set out in the statement of facts either at length or in substance. The trial judge who made up the statement of facts doubtless intended that the clerk should copy the contract, but this the clerk properly declined to do. Counsel for appellant complains that it should not be made to suffer for the default of the trial judge. But we do not see what relief we can afford it.

We must act upon the statement of facts as we find it, and the law provides no means for its amendment. It is probable if counsel had tendered the judge a statement of the evidence approximately correct, in which the alleged contract was copied or its substance stated, the judge would have utilized so much of the statement at least as related thereto, and would have incorporated it into that prepared and certified to by him.

The plaintiff testified that he recollected signing some writing, but did not know it was a contract, and did not read it. But the effect of this evidence we need not consider.

It is also insisted that the court erred in charging the jury, in effect, that if the plaintiff was injured by reason of a defective side track of the defendant without fault on his part the defendant would be liable for the injury, although at the time of the accident he was acting as a brakeman of the Missouri Pacific Railway Company on a train then operated by the latter company on defendant's road.

In the case of Railway v. Culberson, 72 Texas, 375, it is said: "It may now be considered the accepted and settled doctrine that in all cases where one railroad is operating trains upon the road of another without authority of law, the owner of the road remains responsible for its duties to the public, and becomes liable for the lessee's failure to perform these duties." But in that case it was held that a servant of the lessee could not recover of the lessor for an injury which resulted to him by reason of a defective

engine belonging to the lessee.   In the opinion it was intimated that if the injury had resulted from a defective road bed of the lessor the plaintiffs might have been entitled to recover.   Such is the case we now have before us.   The evidence does not disclose by what authority the Missouri Pacific Railway Company was operating its train upon appellant's road.   There is no law of which we are advised that authorized the defendant to lease its line.   We merely know the fact that the one company was running a train upon the road of the other, and the presumption is that it was by virtue of a license granted by the latter.   The defendant company by accepting its charter assumed the obligation to keep its tracks in safe condition for the operation of trains over them, and to do this is a duty it owes to all persons who are permitted by it to travel upon or operate trains over it.   The plaintiff being employed upon the train of another company which was making trips over the defendant's road, as the evidence shows, was entitled to presume that this duty would be performed, and having been injured by reason of the failure to perform it, he is entitled to recover of defendant damages for his injury. Nugent v. Railway, 80 Me., 62.

The appellant complains that the verdict should have been set aside upon the ground that it was excessive.   The plaintiff testified that he had suffered great pain; that before the accident he was earning $60 per month, and that since he had been enabled to earn only $10 per month. There was the loss of a foot.   Under the circumstances we do not feel authorized to set aside the verdict on the ground that it is excessive.

There was no error in the charge complained of in appellant's last assignment.   All the witnesses agreed that there was an accident, and the court did not err in assuming the fact.   The charge therefore was not upon the weight of the evidence.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered February 20, 1891.

Motion for rehearing argued by *Robb & Stephenson,* for appellant.

### ON MOTION FOR REHEARING.

GAINES, Associate Justice.—In the opinion in this case the writer fell into the error of saying in the comment upon the statement of facts that "it is probable that if counsel had tendered the judge a statement of the evidence approximately correct in which the alleged contract was copied or its substance stated, the judge would have utilized so much of the statement at least as related thereto, and would have incorporated it into that prepared and certified to by him."   The transcript shows that counsel did this exact thing, and we feel it due to them that we

should make the correction. If, as bearing upon the question then before us, we had attached any importance to the matter of diligence or neglect on part of counsel in attempting to get a correct statement of facts, it would probably have led to a more careful inspection of the record, and the error would have been avoided.

But after careful consideration in more than one case we have decided that since the passage of the statute which permits a statement of facts under certain circumstances to be filed after the lapse of ten days from the adjournment of the court, no reason exists why a party who has used diligence to procure a statement of facts may not by mandamus compel the trial judge to prepare and file one when he has failed to do so. Reagan v. Copeland, 78 Texas, 551; Washington v. Eckart, Galveston Term, 1891. On motion.

The statement of facts in this case being upon its face manifestly incomplete, we think the remedy of the appellant was to have applied to this court for a writ of mandamus to compel the judge to complete it. The failure of the judge to do his duty in this respect was held in the case first cited above as no ground for reversing the judgment.

The other grounds of the appellant's motion for a rehearing were thoroughly considered in disposing of the case and need not be again discussed. We see no reason to change our former opinion.

The motion for a rehearing is overruled.

*Motion overruled.*

Delivered March 13, 1891.