# NOVEMBER, 1913

Missouri, Kansas & Texas Railway Company of Texas v.
Y. Y. Beasley.

No. 2289. Decided April 2, June 18, November 15, 1913.

**1.—Contributory Negligence—Question of Fact.**

Plaintiff, a locomotive engineer, while walking by the side of the track at a station and looking under his engine to discover the cause of some irregularity observed in its working, the engine being moved slowly on the track for that purpose, stepped on a pole left lying near the track and was thrown under the wheels and injured. There was nothing to indicate that the pole was concealed or might not have been discovered by him, even by a casual glance. Held that these facts did not establish his contributory negligence as matter of law. (Pp. 171-173, 177.)

**2.—Practice on Appeal—Error in Charge—Motion for New Trial.**

It is not necessary that objections to charges given or refused should be set up in a motion for new trial in order that error therein be available as ground for reversal on appeal. Western U. Tel. Co. v. Mitchell, 89 Texas, 441, followed. (P. 177.)

**3.—Same—Statute—Rules of Court.**

Rule 24 for the Courts of Civil Appeals, if considered to require objections to the charge to be presented in the motion for new trial in the court below, would be in conflict with the statutes on the subject (Rev. Stats., arts. 2061, 2062). It must be so construed as to harmonize with those articles. (P. 177.)

**4.—Railways—Master and Servant—Use of Another's Track.**

One railway company furnishing to another its tracks and yards for the latter's use is under the same duty in regard to making them a safe place for the other's employees to work as it is its own servants. Such employees need not inspect the premises, but may assume that such duty has been discharged unless they know that it has not been, or in the discharge of their duty must necessarily have acquired such knowledge. See charges on this subject approved. (Pp. 177, 178.)

**5.—Personal Injury — Damages — Capacity to Labor — Charge Double Damages.**

An instruction on damages recoverable for permanent injury, which directs compensation for time which plaintiff will lose in the future by reason of his injury, and also "for his decreased capacity to earn money in the future," is erroneous in permitting, though it does not require, double damages for such loss, since decreased capacity to earn money would include loss of time as well as lessened wage rate. (Pp. 178, 179.)

**6.—Negligence—Charge—Defendant's Knowledge.**

It is the duty of a railway to remove from its yards obstacles rendering their use 'dangerous to those operating trains thereon, whether placed there by its own employes or others, and a charge excusing it from this duty in the latter case unless its employes "knew" of the presence of the obstruction was erroneous and properly refused. (P. 171.)

Questions certified from the Court of Civil Appeals, Sixth District, in an appeal from Harrison County.

*Coke, Miller & Coke, Schluter & Singleton,* and *A. H. McKnight,* for appellant, on refusal of the special charges requested by appellant.— (1) M., K. & T. Ry. Co. of Texas v. Jones, 103 Texas, 187; I. & G. N. Ry. Co. v. Reiden, 48 Texas Civ. App., 401; T. & P. Ry. Co. v. Bingham, 90 Texas, 223; Neeley v. Ft. W. & D. Ry. Co., 90 Texas, 275; Denison B. & R. Ry. Co. v. Berry, 98 Texas, 248. (2) Western Union Tel. Co. v. Jeams, 88 Texas, 232-233; Austin, etc., Ry. Co. v. Beaty, 6 Texas Civ. App., 650; Jones v. Galveston, etc., Ry. Co., 11 Texas Civ. App., 39; Texas, etc., Ry. Co. v. Maupin, 26 Texas Civ. App., 385.

If the plaintiff knew of the obstruction or the unsafe condition of the track or roadbed, or could have known thereof by the exercise of ordinary care, then he would not be entitled to recover and the court should have so instructed the jury. Austin, etc., Ry. Co. v. Beaty, 6 Texas Civ. App., 650; Jones v. Galveston, etc., Ry. Co., 11 Texas Civ. App., 39; Gulf, etc., Ry. Co. v. Williams, 72 Texas, 164.

The appellant, Missouri, Kansas & Texas Railway Company of Texas, did not owe Beasley the duty which a railway company owes its employee, since the relation of master and servant did not exist between them, and the charge of the court as given to the jury and herein complained of, was misleading, erroneous and prejudicial to appellant.

Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 349; Mitchell v. W. U. Tel. Co., 12 Texas Civ. App., 262.

The court erred in its charge to the jury on the measure of damages, in that the charge as given authorizes a double recovery, in that the jury are instructed that the plaintiff may recover compensation for "the time lost and the time he will lose," and in addition to this, for his decreased or diminished earning capacity; the decreased capacity might also include the time he might lose in the future. Houston City St. Ry. Co. v. Richart, 87 Texas, 539; International & G. N. Ry. Co. v. Butcher, 98 Texas, 462; Texas '& N. O. R. Co. v. McCraw, 43 Texas Civ. App., 247; Missouri, K. & T. Ry. Co. v. Nesbit, 40 Texas Civ. App., 209; Ft. Worth & R. G. Ry. Co. v. Morris, 45 Texas Civ. App., 596; Ft. Worth & R. G. Ry. Co. v. Crannell, 149 S. W., 351; Stamford Oil Mill v. Barnes, 119 S. W., 872.

When the court gives, refuses, or qualifies instructions, it becomes a matter of record; it is the action of the court itself and subject to revision. The party desiring a revision of the judgment may by motion for a new trial appeal to that court to review its action in such matters, or he may rely upon his record as made and claim under proper assignments a revision of such action by the appellate court. Western U. Tel. Co. v. Mitchell, 89 Texas, 441; City of Austin v. Forbes, 99 Texas, 238.

*S. P. Jones* and *J. H. T. Bibb,* for appellee.—Assignment of error should have been embraced in motion for new trial or not considered by the appellate court. Art. 1371, Rev. Stats.; Rules 67-68, District Court; Dockery v. Tyler Car & Lumber Co., 34 S. W., 660; Degener v. O'Leary, 85 Texas, 171; Clark v. Pearce, 80 Texas, 150; Supreme Court Rules, 1; Rule 24, Ct. Civ. App.; San Antonio Trac. Co. v. Emerson, 152 S. W., 468.

Under the existing circumstances the appellant owed Beasley the duty of exercising ordinary care to have the track and roadbed free of obstructions and Beasley had the right to assume that it had discharged the duty unless he knew or in the exercise of his own duties must necessarily have known that it had not done so. So. Kansas Ry. of Texas v. Sage, 80 S. W., 1038; So. Kansas Ry. Co. of Texas v. Sage, 98 Texas, 438; So. Kansas Ry. Co. of Texas v. Sage, 43 'Texas Civ. App., 38; Masheuvel v. District of Columbia, 191 U. S., 247; Railroad v. Hanning, 15 Wall., 649.

The charge of the court upon the measure of damages taken as a whole was in no way misleading and correctly gave the measure of damages. H. & T. C. Ry. Co. v. Maxwell, 128 S. W., 160; same case on rehearing, 128 S. W., 165-166.

Inability to work means the total suspension of the power to work, and diminished capacity to labor means lessening, without totally destroying the power to labor. Inability means, without ability; lessened capacity means that partial ability remains. As such expressions are commonly used, a jury would not probably understand them as meaning the same, and that they were instructed to allow damages twice for one

and the same cause.   Railway Co. v. Brown, 16 Texas Civ. App., 93;
Railway Co. v. Stuart, 1 Texas Civ. App., 642; Railway Co. v. Wilson,
79 Texas, 371; 11 L. R. A., 486; 23 Am. St., 345; Railway Co. v. Belt,
24 Texas Civ. App., 281; Railway Co. v. White, 22 Texas Civ. App.,
424; Railway Co. v. Warner, 22 Texas Civ. App., 167.

There is certainly nothing in this case that hints or suggests that the
appellee was guilty of contributory negligence as a matter of law.
Mosheuvel v. District of Columbia, 191 U. S., 247; T & P. Ry. Co. v.
Harvey, 166 Fed., 385; Railway Co. v. Stout, 17 Wall., 657; T. & P.
Ry. Co. v. Murphy, 46 Texas, 356.

The Supreme Court of the United States has so often said in effect
"that where the evidence shows or tends to show negligence it is a ques-
tion of fact for the jury" that one feels it is unnecessary to discuss the
seventh certified question.   See Marande v. T. & P. Ry. Co., 184 U. S.,
193; Railway Co. v. McDade, 191 U. S., 64; Railway Co. v. Lyon, 203
U. S., 465; Benefit Association v. Sargent, 142 U. S., 691; Gardiner
v. Railway Co., 150 U. S., 349; Railway Co. v. Kellogg, 94 U. S., 469;
Railway Co. v. Stout, 17 Wall., 657; Railway Co. v. Ives, 144 U. S.,
408; Railway Co. v. Cox, 145 U. S., 593; Dunlap v. Railway Co., 130
U. S., 649, 159 U. S., 603, 168 U. S., 348; Beach on Contributory Neg-
ligence, 41, and cases cited.   It is a sound rule of law that it is not con-
tributory negligence not to look out for danger when there is no reason
to apprehend any.   The authorities cited go much further than the text
and state the rule to be that every one has the right to presume that
others owing him a special duty to guard against danger will perform
that duty.   See Grand Rapids & I. R. Co. v. Martin, 41 Mich., 667.

On motion of appellee for rehearing:   Opinions of the Supreme Court
of the State of Texas announcing the law to be the same and approving
charges in the same language as the charge for which the Beasley case
was reversed as follows:   M., K. & T. Ry. Co. v. Hannig, 91 Texas, 347;
Peck v. Peck, 99 Texas, 10; Texas & Pacific Ry. Co. v. Tuck, 103 Texas,
72; Bonnet v. Galveston, etc., Ry., 89 Texas, 72; T. & P. Ry. Co. v.
Everhart, 91 Texas, 321; T. & N. O. Ry. Co. v. Bingle, 91 Texas, 287;
St. L. S. W. Ry. Co. v. Rea, 99 Texas, 58; Texas & Pacific Ry. Co. v.
O'Feil, 78 Texas, 486.

Opinions by the Court of Civil Appeals approving the charge for
which the Beasley case is reversed and in which writs of error have been
denied by the Supreme Court, as follows:   Gulf, C. & S. F. Ry. Co. v.
Adams, 121 S. W., 876; So. Kan. Ry. Co. v. Sage, 80 S. W., 1038;
So. Kan. Ry. Co. v. Sage, 43 Texas Civ. App., 38; I. & G. N. Ry. Co.
v. Davidson, 49 Texas Civ. App., 85; Williams v. Hennefield, 120 S. W.,
567; Kansas City Consol. S. & Ref. Co. v. Taylor, 107 S. W., 889;
So. Pac. Co. v. Winton, 27 Texas Civ. App., 503; S. A. P. Ry. Co. v.
Engelhorn, 24 Texas Civ. App., 324; M., K. & T. Ry. Co. v. Williams,
120 S. W., 553; M., K. & T. Ry. Co. v. Gray, 120 S. W., 527; Buchanan
& Gilder v. Blanchard, 127 S. W., 1154; M., K. & T. Ry. Co. v. Hawley,
123 S. W., 726; G., H. & S. A. Ry. Co. v. Stoy, 44 Texas Civ. App.,
448; St. L. S. W. Ry. Co. v. Pope, 43 Texas Civ. App., 616; G., H. &

. S. A. Ry. Co. v. Udalle, 91 S. W., 331; G., H. & S. A. Ry. Co. v. Davis, 27 Texas Civ. App., 279; G., H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127; Waggoner v. Porterfield, 118 S. W., 1094; I. '& G. N. Ry. Co. v. Meehan, 129 S. W., 190; H. & T. C. Ry. Co. v. Patrick, 50 Texas Civ. App., 491; T. & P. Ry. Co. v. Tuck, 116 S. W., 620.

Opinions of the Court of Civil Appeals in which the charge for which the Beasley case has been reversed was approved and writs of error not ·denied because the cases were reversed and remanded or no application made for writs of error, as follows: El Paso & S. W. Ry. Co. v. Vizard, 39 Texas Civ. App., 534; Abilene L. & W. Co. v. Robinson, 131 S. W., 299; Wirtz v. G., H. & S. A. Ry. Co., 132 S. W., 510; Muse v. Abell, 124 S. W., 430; Gentry v. Stephenville Oil Mill, 127 S. W., 879.

Opinions by the Supreme Court of the United States and text-books, ·as follows: Sherman & Redfield on Negligence, 5th ed., sec. 185b; Thompson on Negligence, sec. 3765; T. & P. Ry. Co. v. Archibald, 170 U. S., 665; C. O. & G. Ry. Co. v. McDade, 191 U. S., 65; Assumed Risks Statute of Texas, Acts of 1905, p. 386; Contributory Negligence ·Statute, sec. 2, Acts of 1909, p. 280.

BROWN, C. J.    Certified questions from the Court of Civil Appeals, ·Sixth Supreme Judicial District:

"In October, 1909, the appellee, Beasley, instituted this suit against ·the Marshall & East Texas Railway Company and the appellant, Mis-·souri, Kansas & Texas Railway Company of Texas, for damages for personal injuries sustained.    The petition alleges that on the 28th day ·of August, 1909, the appellee was in the employ of the Marshall & East 'Texas Railway Company as an engineer on one of its passenger trains running between Marshall and Winnsboro in this State; that while at Winnsboro, and in the necessary discharge of his duties, he caused his ·engine to be moved along one of the tracks furnished by the Marshall ·& East Texas Railway Company at that place, for the purpose of exam-ining and testing it, with a view of locating and repairing certain defects therein; that while walking along watching the machinery of ·the slowly moving locomotive he stepped upon or stumbled over a pole ·or piece of timber that had been 'negligently left, placed, or allowed to remain along by the side of the track at that point, and that the piece ·of timber slipped or rolled away, or plaintiff stumbled over the same, ·throwing plaintiff down, throwing his foot under the engine; and that ·the wheels passed over his foot and leg, crushing the same so badly that the same had to be amputated.'    Then follow other allegations not ·necessary here to mention.    In a succeeding portion of the petition, and what may be termed a separate count, is the following:   'The plaintiff ·shows that by some arrangement, the exact terms of which are unknown ·to plaintiff, and by some contract between the defendant, Marshall & East Texas Railway Company and the defendant, Missouri, Kansas & 'Texas Railway Company of Texas, that the defendant, Marshall '& East 'Texas Railway Company used the tracks, sidetracks, and switches of ·the Missouri, Kansas & Texas Railway Company of Texas at Winns-

boro, Texas, in entering the town of Winnsboro and in having its passenger train remain at the said town of Winnsboro for one or more hours, during which time such repairs as were necessary were required to be made upon the engine of the Marshall & East Texas Railway Company by the engineer; and that 'while the engine upon which he was running as engineer was placed upon the said track at said station it became the plaintiff's duty to have the said engine moved along the track for the purpose of ascertaining whether there were any defects,' etc. Then follows a substantial repetition of former averments regarding the nature of the injury, the circumstances under which it occurred, and the conduct and omissions of duty upon which the charges of negligence are based. The defendants in the suit filed separate answers, but a part of the special answer of the Marshall & East Texas Railway Company was adopted by the Missouri, Kansas & Texas Railway Company of Texas. Upon a trial before a jury a verdict was returned in favor of the Marshall & East Texas Railway Company against the plaintiff, and in favor of the plaintiff against the Missouri, Kansas & Texas Railway Company of Texas, the appellant here, for the sum of $17,500. The Missouri, Kansas & Texas Railway company of Texas alone has appealed.

"The facts show that Beasley was injured in the yards of the appellant at Winnsboro, Texas, under circumstances substantially as alleged in his petition. When the train upon which he was the engineer reached Winnsboro upon that occasion, it was placed upon a track called the 'house track,' there to remain until it started on its return trip to Marshall some time later in the day. Beasley testified that during the forenoon, while going from Marshall to Winnsboro, he discovered that there was what he called a 'knock' in the machinery of his locomotive, and that when he reached Winnsboro he undertook to locate and remedy that condition before returning; that after the dinner hour the fireman, at his request, moved the engine slowly along the track upon which it had been placed, to enable Beasley to locate the 'knock' and see that the machinery was in proper working order. He had previously been under the locomotive and tightened some wedges, after which, he says, 'I told him (the fireman) to move the engine. I was standing back even with the gangway between the engine and the tender, and I told him to back the engine, and as he started to backing the engine I started to walking up the left side of the engine, the north side of the engine, and got down something near the front drivers of the engine and turned around to look at the eccentrics, I think, and at that time the engine was backing up slowly, about three miles an hour, and when I turned I stepped on this pole, or struck it in some way—anyway, it threw me, and I fell pretty near down; fell on my elbows; and my left foot went under the engine, and the engine mashed my foot just above the mouth of the shoe; at least, the doctors cut it off half way between the ankle and knee. I had not seen this pole before I stepped on it. When I stepped on this pole, I was looking under the engine, looking under the boiler. The boiler of the engine is above the machinery; and I was

looking beneath the boiler, and I was trying to see if any of the machinery was loose.' From other portions of the evidence it appears that the pole to which he had reference was an ordinary round pole, the size estimated to be from three to five inches in diameter and from six to seven feet in length. According to Beasley's testimony, it was lying nearly at right angles with the rails, with one end pretty close to the rail. There was testimony which tended to show that the pole was one of a kind that had been used by lumber haulers in tightening chains around their loads of lumber to prevent the loads from slipping and had been left upon the yards upon occasions when they unloaded lumber into cars at that place. Just how long this particular pole had been upon the track does not appear from the record, but there was testimony showing that poles of a similar kind were observed for a week, and longer, in the yards of the appellant, lying about at different places.

"At a former day of this term of this court the judgment of the trial court was reversed and the cause remanded, because we were of the opinion that the court erred in portions of the charge hereinafter called to your attention. A motion for rehearing was overruled. Being in doubt as to the correctness of the disposition of the case, we have concluded to set aside the order overruling the motion for rehearing and certify to your honors the following questions:

"(1)   The following paragraph of the court's charge was objected to: 'It is the duty of a railroad company to exercise ordinary care to keep and maintain its railway track and roadbed in such condition that it will be reasonably safe to employees to operate and handle its trains thereon and do their work in connection therewith in the ordinary and usual manner of carrying on its business as a railway corporation at the time and place; and an employee employed by a railroad has the right to rely upon the assumption that the railway company has exercised ordinary care to keep its roadbed and track in a reasonably safe condition, and that the railway company has used ordinary care to keep the same reasonably free from obstructions, considering the purposes for which the same is used, and he may rely upon said assumption, unless he knows that such duty has not been performed, or unless in the discharge of his duty he must necessarily have acquired such knowledge.' The objection urged to this charge was the failure of the court to limit the duties therein specified to the Marshall & East Texas Railway Company, for the reason that the plaintiff was not in the service of the Missouri, Kansas & Texas Railway Company of Texas, and the relation of master and servant did not exist. It is also contended that the concluding portion of this charge was erroneous, because the effect was to give the plaintiff the right to rely upon the assumption stated, unless he actually knew of the obstruction or unsafe condition of the track and roadbed; whereas he should be held to have been guilty of negligence, or to have assumed the risk, if a person of ordinary prudence in the performance of his duty would have acquired a knowledge of the unsafe condition or the presence of the obstruction.

"Question:   Was the charge subject to the objections urged?

"(2)   The court also gave the following charge to the jury: 'Now, if you should find from the evidence, by a preponderance thereof, that on or about the 28th day of August, 1909, the plaintiff was in the employ of the Marshall & East Texas Railway Company as engineer on its passenger train running from Marshall, Texas, to Winnsboro, Texas, and return, and that while at Winnsboro on one of said trips the plaintiff, in the discharge of his duty as such engineer, caused the engine to be moved along one of the tracks furnished by the defendant, Missouri, Kansas & Texas Railway Company of Texas, for the purpose of storing said engine while at Winnsboro, Texas, that the plaintiff caused said engine to be moved for the purpose of testing some portions of the engine and examining the same for some defects, or for the purpose of making some repairs thereon, and while thus walking along watching the machinery of the moving locomotive or engine the plaintiff stepped upon a pole or piece of timber that had been negligently left, placed, or allowed to remain alongside the said track at said point by the Missouri, Kansas & Texas Railway Company of Texas, and you should further find that it was negligence for said pole or piece of timber to have been so placed or allowed to remain, and that said piece of timber slipped or rolled, or plaintiff stumbled over the same, throwing the plaintiff down and throwing his foot under the engine, and the wheels passed over his foot and leg, thereby injuring the plaintiff, you will find in favor of the plaintiff against the said Missouri, Kansas & Texas Railway Company of Texas, unless you find that the plaintiff was guilty of contributory negligence, or should find against the plaintiff under other portions of this charge.' It is contended that this charge is subject to the following objections:   (1)   It assumes that the defendant, Missouri, Kansas & Texas Railway Company of Texas, furnished the track on which the engine was run for that purpose.   (2)   It assumes that the plaintiff, at the time he was injured, was walking along and watching the engine.   (3)   It assumes that if the pole over which the plaintiff stumbled was on the right of way it was there through negligence on the defendant's part.

"Question: Was the charge subject to any of those objections?

"(3)   The court gave this further charge: 'As a part of the law of this case you are instructed that it is the duty of a railway company to exercise ordinary care to furnish its employees a reasonably safe place in which to work in the performance of the duty required of them under their employment, so that their said work may be performed with a reasonable degree of safety to themselves; and if a railway company fails in the exercise of ordinary care in this respect, and an employee suffers an injury directly and proximately caused by such failure, if any, then such railway company is liable in damages to such employee, provided the employee is himself free from negligence proximately causing or helping to cause the injury, and provided, further, that at the time of the injury such employee did not know, or in the ordinary discharge of his duty must not necessarily have known, of the danger attending his performing his work over and about said place.' It is

insisted that the giving of this charge upon the issue of assumed risk, when considered in connection with the first paragraph, which we have quoted, gave undue prominence to the questions there submitted, and operated as a charge upon the weight of the evidence.

"Question: Is that objection tenable?

"(4) Upon the measure of damages the court gave the following: 'If you should find that the plaintiff is entitled to recover against the defendant or defendants, then you will allow him a sum of money that will reasonably compensate him for the time he has lost by reason of the said injuries, if any, and the time that he will lose in the future, if you should find that he will lose any time in the future, and for his decreased capacity to earn money in the future, if any, and for mental and physical suffering endured by the plaintiff by reason of said injury, if any, and for such mental and physical suffering as the plaintiff may endure in the future, if you shall find that he shall endure mental and physical suffering in the future, and fix said damages at such amount as, if paid at this time, will reasonably compensate him for the damages sustained.' The following is the objection urged to that charge: 'The court erred in its charge to the jury on the measure of damages, in that the charge as given authorizes a double recovery, in that the jury are instructed that the plaintiff may recover compensation for the time lost and the time he will lose, and in addition to this for his decreased or diminished earning capacity. The decreased capacity might also include the time he might lose in the future.' In this connection we have been referred to the case of Houston City Street Ry. Co. v. Reichart, 87 Texas, 539, 29 S. W., 1040.

"Question: Was the charge subject to the objection?

"(5) The court refused to give the following special charges at the request of the appellant, Missouri, Kansas & Texas Railway Company of Texas:

"'Before you can find for the plaintiff in this case, you must find and believe from the evidence before you that the pole which caused plaintiff to fall and be injured was placed where it was by the defendants, or one of them, or by some of their employees, or that defendants, or one of them, knew of such pole being where it was, and that it was dangerous to the safety of employees of the defendants, and so knowing permitted it to remain there, and that the said pole was the cause of the injury; and unless you so find your verdict should be for the defendants.

"'You are further instructed that if you find that plaintiff was injured as charged, but you further find that he knew or could by the exercise of ordinary care and his sense of sight have known, of the presence of the pole which he claims was the cause of the injury, and that he failed to exercise ordinary care in his sense of sight to prevent such injury, then he can not recover, and your verdict will be for the defendants.'

"Question: Did the court err in refusing either of these charges?

"(6)   The objections made to the various charges which we have quoted were not incorporated in the motion for a new trial.

"Question: Was it necessary that they should have been there called to the attention of the trial court, in order to have them considered by this court?

"(7)   The testimony shows that Beasley was in the employ of the Marshall & East Texas Railway Company alone; that this company had an agreement with the appellant, Missouri, Kansas & Texas Railway Company of Texas, by which the Marshall & East Texas Railway Company was permitted to use the yards, railroad tracks, and depot buildings of the Missouri, Kansas & Texas Railway Company of Texas at Winnsboro; and that those premises were under the exclusive control of the appellant company. It is also shown that when the passenger train of the Marshall & East Texas Railway Company reached Winnsboro the engineer, Beasley, received his instructions from the agents of the Missouri, Kansas & Texas Railway Company of Texas at that place as to where he should place his engine and train upon that occasion; that on the day when this injury occurred he had been directed to place them upon the track where they were at the time, commonly called the 'house track.' The testimony further shows that Beasley, the plaintiff, was looking under his engine at the time he was injured; that the pole over which he stumbled was estimated to be from three to five inches in diameter and from five to seven feet long, and was lying near the track and at an oblique angle therewith. There is nothing to indicate that it was concealed or might not have been discovered by him, even by a casual glance.

"Question: Was this testimony sufficient to show that Beasley was guilty of contributory negligence as a matter of law?"

In answer to the seventh question we answer: No.

To the sixth question we answer: It was not necessary that the objections to charges given and refused should be set up in the motion for a new trial. W. U. Telegraph Co. v. Mitchell, 89 Texas, 441, 35 S. W., 4.

Articles 2061 and 2062, Revised Statutes, 1911, being articles 1361 and 1362, Revised Statutes, 1895, read:

"Article 2061.   The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as excepted to in all cases.

"Article 2062.   Where the ruling or other action of the court appears otherwise of record, no bill of exceptions shall be necessary to reserve an exception thereto."

Construing those articles this court held in the case cited, and others, that it is not necessary to embrace in the motion for rehearing in the trial court any action or ruling of that court in giving or refusing charges as mentioned in said articles. Rule No. 24 of the rules adopted by this court for the Courts of Civil Appeals (142 S. W., xii) reads: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the

cause, and a ground of error not distinctly set forth in the motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in Rule 23."·

The language of the rule is not quite clear, but the Supreme ·Court can not by rule set aside a statute; therefore Rule 24 must be construed so as to harmonize with the articles of the Revised Statutes, copied herein, and with the former decisions of this court. Thus interpreted that rule does not require that the giving or refusing charges to the jury shall be included in the motion for rehearing in the trial court. We have heard that the Legislature at its recent session enacted a law upon this subject, but we are not informed of its provisions. However, this opinion will not affect that act if there be such.

To the first question we answer that, the Missouri, Kansas & Texas Railway Company of Texas having furnished its tracks and yards at Winnsboro to the Marshall & East Texas Railway Company for the purpose for which it was being used by Beasley, the' Missouri, Kansas & Texas Railway Company of Texas owed to the servants of the Marshall '& East Texas Railway Company the same duty to furnish a safe place to work as to its own servants, and Beasley had a right to assume that the yard was in a safe condition, and he was not required to inspect the premises. T. & S. Ry. Co. v. Lane, 79 Texas, 643, 15 S. W., 477, 16 S. W., 18.

In Trinity & S. Railway Co. v. Lane, supra, this court, by Chief Justice Gaines, said: "The plaintiff being employed upon the train of another company, which was making trips over the defendant's road, as the evidence shows, was entitled to presume that this duty would be performed, and, having been injured by reason of the failure to perform it, he is entitled to recover of defendant damages for his injury. Nugent v. Railway, 80 Me., 62 (12 Atl., 797, 6 Am. St. Rep., 151)."

The charge correctly stated the law to be that Beasley might rely upon the presumption that the yard was safe, "unless he knew that the duty had not been performed, or unless in the discharge of his duty he must necessarily have acquired such knowledge." Beasley would not have been justified in shutting his eyes to any obstacle that was obvious, but, engaged as he was, he was not required to look for such objects on the yard. Every duty required of railroad companies which tend to guard employees against the hazards of the employment must be performed in a reasonable manner, in order to relieve the ·company from liability for injuries arising from defective yards, tracks, and machinery. The employee, when engaged in handling trains, has little opportunity to inspect the track or cars; hence the law only requires that he take notice of such defects as are obvious to him in the discharge of his duties.

Question 4 submits this charge, which the court gave: "If you should find that the plaintiff is entitled to recover against the defendant or defendants, then you will allow him a sum of money that will reasonably compensate him for the time he has lost by reason of the said injuries,

if any, and the time that he will lose in the future, if you should find that he will lose any time in the future, and for his decreased capacity to earn money in the future, if any, and for mental and physical suffering endured by the plaintiff by reason of said injury, if any, and for such mental and physical suffering as the plaintiff may endure in the future, if you shall find that he shall endure mental and physical suffering in the future, and fix said damages at such amount as, if paid at this time, will reasonably compensate him for the damages sustained." It is urged that the charge permits double recovery.

The charge does not permit double recovery, but correctly states the law. We should endeavor to look at the charge as it would appear to a reasonably intelligent jury of honest men seeking to obey the charge by a proper application of it to the facts. That portion of the charge which refers to the time lost before the trial needs no comment. The court then proceeds to state a rule by which the jury may ascertain the amount to be awarded for the future effects of the injuries inflicted. First, from the evidence, what time will plaintiff probably lose in the future? To "lose time" means to be unable for a portion of his time to pursue his usual occupation, or any remunerative employment. The second clause of the charge complained of reads, "and for his decreased capacity to earn money in the future." The decreased or impaired capacity implies that there is some capacity remaining. The charge submitted to the jury the question: "Will the plaintiff be able to earn in the future as much money as he would have been capable of earning?" If not, then find the difference as compensation for the loss of capacity. A man might lose time and not lose capacity. He might lose in capacity and be able to work all the time. If the plaintiff was incapacitated to serve as engineer, but could do work less remunerative, he would lose in capacity. If from such injuries there occurred times when he could not labor at all, he would lose time; that is, both time and capacity.

The above statement demonstrates that the loss of time does not include the loss of capacity, nor vice versa. The loss of each may concur, however, or they may exist separately; but in either event they are distinct injuries. We must presume that the judge adapted the charge to the evidence, and that the jury consisted of men of ordinary intelligence and honesty, having a desire to apply the charge to the facts.

To the fifth question we answer that the charge requested was properly refused. However the pole came to be on the yard, it was the company's duty to remove it; the failure to do so caused the injury and gives the right of action.

Opinion filed April 2, 1913.

ON MOTION FOR REHEARING.

Mr. Chief Justice BROWN delivered the opinion of the court.

"In October, 1909, the appellee, Beasley, instituted this suit against the Marshall & East Texas Railway Company and the appellant, Missouri, Kansas & Texas Railway Company of Texas, for damages for per-

sonal injuries sustained. The petition alleges that on the 28th day of August, 1909, the appellee was in the employ of the Marshall & East Texas Railway Company as an engineer on one of its passenger trains running between Marshall and Winnsboro in this State; that while at Winnsboro, and in the necessary discharge of his duties, he caused his engine to be moved along one of the tracks furnished by the Marshall & East Texas Railway Company at that place, for the purpose of examining and testing it; with a view of locating and repairing certain defects therein; that while walking along watching the machinery of the slowly moving locomotive he stepped upon or stumbled over a pole, or piece of timber, that had been 'negligently left, placed, or allowed to remain along by the side of the track at that point, and that the piece of timber slipped, or rolled away, or plaintiff stumbled over the same, throwing plaintiff down, throwing his foot under the engine; and that the wheels passed over his foot and leg, crushing the same so badly that the same had to be amputated.' Then follow other allegations not necessary here to mention. In a succeeding portion of the petition, and what may be termed a separate count, is the following: 'The plaintiff shows that by some arrangement, the exact terms of which are unknown to plaintiff, and by some contract between the defendant Marshall & East Texas Railway Company and the defendant Missouri, Kansas & Texas Railway Company of Texas, that the defendant Marshall & East Texas Railway Company used the tracks, sidetracks and switches of the Missouri, Kansas & Texas Railway Company of Texas at Winnsboro, Texas, in entering the town of Winnsboro and in having its passenger train remain at the said town of Winnsboro for one or more hours, during which time such repairs as were necessary were required to be made upon the engine of the Marshall & East Texas Railway Company by the engineer; and that while the engine upon which he was running as engineer was placed upon the said track at said station it became the plaintiff's duty to have the said engine moved along the track for the purpose of ascertaining whether there were any defects,' etc. Then follows a substantial repetition of former averments regarding the nature of the injury, the circumstances under which it occurred, and the conduct and omissions of duty upon which the charges of negligence are based. The defendants in the suit filed separate answers, but a part of the special answer of the Marshall & East Texas Railway Company was adopted by the Missouri, Kansas & Texas Railway Company of Texas. Upon a trial before a jury a verdict was returned in favor of the Marshall & East Texas Railway Company against the plaintiff, and in favor of the plaintiff against the Missouri, Kansas & Texas Railway Company of Texas, the appellant here, for the sum of $17,500. The Missouri, Kansas & Texas Railway Company of Texas alone has appealed.

"The facts show that Beasley was injured in the yards of the appellant at Winnsboro, Texas, under circumstances substantially as alleged in his petition. When the train upon which he was the engineer reached Winnsboro upon that occasion it was placed upon a track called the 'house track,' there to remain until it started on its return trip to Mar-

shall some time later in the day.   Beasley testified that during the fore-
noon, while going from Marshall to Winnsboro, he discovered that there
was what he called a 'knock' in the machinery of his locomotive, and
that when he reached Winnsboro he undertook to locate and remedy
that condition before returning; that after the dinner hour the fireman,
at his request, moved the engine slowly along the track upon which it
had been placed, to enable Beasley to locate the 'knock' and see that
the machinery was in proper working order.   He had previously been
under the locomotive and tightened some wedges, after which, he says,
'I told him (the fireman) to move the engine.   I was standing back
even with the gangway between the engine and the tender, and I told
him to back the engine; and as he started to backing the engine I started
to walking up the left side of the engine, the north side of the engine,
and got down something near the front drivers of the engine and turned
around to look at the eccentrics, I think, and at that time the engine
was backing up slowly about three miles an hour; and when I turned
I stepped on this pole, or struck it in some way—anyway, it threw me,
and I fell pretty near down; fell on my elbows; and my left foot went
under the engine, and the engine mashed my foot just above the mouth
of the shoe; at least the doctors cut it off half way between the ankle
and knee.   I had not seen this pole before I stepped on it.   When I
stepped on this pole I was looking under the engine, looking under the
boiler.   The boiler of the engine is above the machinery; and I was
looking beneath the boiler, and I was trying to see if any of the ma-
chinery was loose.'   From other portions of the evidence it appears that
the pole to which he had reference was an ordinary round pole, the size
estimated to be from three to five inches in diameter and from six to
seven feet in length.   According to Beasley's testimony, it was lying
nearly at right angles with the rails, with one end pretty close to the
rail.   There was testimony which tended to show that the pole was
one of a kind that had been used by lumber haulers in tightening chains
around their loads of lumber, to prevent the loads from slipping, and
had been left upon the yards upon occasions when they unloaded lumber
into cars at that place.   Just how long this particular pole had been
upon the track does not appear from the record, but there was testi-
mony showing that poles of a similar kind were observed for a week,
and longer, in the yards of the appellant, lying about at different places.

"At a former day of this term of this court the judgment of the trial
court was reversed and the cause remanded because we were of the
opinion that the court erred in portions of the charge hereinafter called
to your attention.   A motion for rehearing was overruled.   Being in
doubt as to the correctness of the disposition of the case, we have con-
cluded to set aside the order overruling the motion for rehearing and
certify to your honors the following questions:

"1.   The following paragraph of the court's charge was objected to:
'It is the duty of a railroad company to exercise ordinary care to keep
and maintain its railway track and roadbed in such condition that it
will be reasonably safe to employees to operate and handle its trains

thereon and do their work in connection therewith in the ordinary and usual manner of carrying on its business as a railway corporation at the time and place, and an employee employed by a railroad has the right to rely upon the assumption that the railway company has exercised ordinary care to keep its roadbed and track in a reasonably safe condition and that the railway company has used ordinary care to keep the same reasonably free from obstructions considering the purposes for which the same is used, and he may rely upon said assumption unless he knows that such duty has not been performed, or unless in the discharge of his duty he must necessarily have acquired such knowledge.' The objection urged to this charge was the failure of the court to limit the duties therein specified to the Marshall & East Texas Railway Company, for the reason that the plaintiff was not in the service of the Missouri, Kansas & Texas Railway Company of Texas and the relation of master and servant did not exist. It is also contended that the concluding portion of this charge was erroneous because the effect was to give the plaintiff the right to rely upon the assumption stated, unless he actually knew of the obstruction or unsafe condition of the track and roadbed, whereas he should be held to have been guilty of negligence, or to have assumed the risk, if a person of ordinary prudence in the performance of his duty would have acquired a knowledge of the unsafe condition or the presence of the obstruction.

"Question. Was the charge subject to the objections urged?

"2. The court also gave the following charge to the jury: 'Now if you should find from the evidence by a preponderance thereof that on or about the 28th day of August, 1909, the plaintiff was in the employ of the Marshall & East Texas Railway Company as engineer on its passenger train running from Marshall, Texas, to Winnsboro, Texas, and return, and that while at Winnsboro on one of said trips the plaintiff, in the discharge of his duty as such engineer, caused the engine to be moved along one of the tracks furnished by the defendant Missouri, Kansas & Texas Railway Company of Texas for the purpose of storing said engine while at Winnsboro, Texas; that the plaintiff caused said engine to be moved for the purpose of testing some portions of the engine and examining the same for some defects or for the purpose of making some repairs thereon, and while thus walking along watching the machinery of the moving locomotive, or engine, the plaintiff stepped upon a pole, or piece of timber, that had been negligently left, placed, or allowed to remain alongside the said track at said point by the Missouri, Kansas & Texas Railway Company of Texas, and you should further find that it was negligence for said pole, or piece of timber, to have been so placed or allowed to remain, and that said piece of timber slipped or rolled or plaintiff stumbled over the same, throwing the plaintiff down and throwing his foot under the engine, and the wheels passed over his foot and leg, thereby injuring the plaintiff, you will find in favor of the plaintiff against the said Missouri, Kansas & Texas Railway Company of Texas, unless you find that the plaintiff was guilty of contributory negligence, or should find against the plaintiff

under other portions of this charge.' It is contended that this charge is subject to the following objections: (1) It assumes that the defendant Missouri, Kansas & Texas Railway Company of Texas furnished the track on which the engine was run for that purpose; (2) it assumes that the plaintiff at the time he was injured was walking along and watching the engine; (3) it assumes that if the pole over which the plaintiff stumbled was on the right of way it was there through negligence on the defendant's part.

"Question. Was the charge subject to any of those objections?

"3. The court gave this further charge: 'As a part of the law of this case you are instructed that it is the duty of a railway company to exercise ordinary care to furnish its employees a reasonably safe place in which to work in the performance of the duty required of them under their employment, so that their said work may be performed with a reasonable degree of safety to themselves; and if a railway company fails in the exercise of ordinary care in this respect, and an employee suffers an injury directly and proximately caused by such failure, if any, then such railway company is liable in damages to such employee, provided the employee is himself free from negligence proximately causing or helping to cause the injury, and provided further that at the time of the injury such employee did not know, or in the ordinary discharge of his duty must not necessarily have known of the danger attending his performing his work over and about said place.' It is insisted that the giving of this charge upon the issue of assumed risk, when considered in connection with the first paragraph, which we have quoted, gave undue prominence to the questions there submitted, and operated as a charge upon the weight of the evidence.

"Question. Is that objection tenable?

"4. Upon the measure of damages the court gave the following: 'If you should find that the plaintiff is entitled to recover against the defendant or defendants, then you will allow him a sum of money that will reasonably compensate him for the time he has lost by reason of the said injuries, if any, and the time that he will lose in the future if you should find that he will lose any time in the future, and for his decreased capacity to earn money in the future, if any, and for mental and physical suffering endured by the plaintiff by reason of said injury, if any, and for such mental and physical suffering as the plaintiff may endure in the future if you shall find that he shall endure mental and physical suffering in the future; and fix said damages at such amount as if paid at this time will reasonably compensate him for the damages sustained.' The following is the objection urged to that charge: "The court erred in its charge to the jury on the measure of damages, in that the charge as given authorizes a double recovery in that the jury are instructed that the plaintiff may recover compensation for the time lost and the time he will lose, and in addition to this for his decreased or diminished earning capacity. The decreased capacity might also include the time he might lose in the future.' In this connection we have been

referred to the case of Houston City Street Ry. Co. v. Richart, 87 Texas, 539, 29 S. W., 1040.

"Question. Was the charge subject to the objection?

"5. The court refused to give the following special charges at the request of the appellant, Missouri, Kansas & Texas Railway Company of Texas:

" 'Before you can find for the plaintiff in this case you must find and believe from the evidence before you that the pole which caused plaintiff to fall and be injured was placed where it was by the defendants, or one of them, or by some of their employees; or that defendants, or one of them, knew of such pole being where it was, and that it was dangerous to the safety of employees of the defendants, and so knowing permitted it to remain there, and that the said pole was the cause of the injury; and unless you so find your verdict should be for the defendants.

" 'You are further instructed that if you find that plaintiff was injured as charged, but you further find that he knew or could by the exercise of ordinary care and his sense of sight have known of the presence of the pole which he claims was the cause of the injury, and that he failed to exercise ordinary care and his sense of sight to prevent such injury, then he can not recover, and your verdict will be for the defendants.'

"Question. Did the court err in refusing either of these charges?

"6. The objections made to the various charges which we have quoted were not incorporated in the motion for a new trial.

"Question. Was it necessary that they should have been there called to the attention of the trial court in order to have them considered by this court?

"7. The testimony shows that Beasley was in the employ of the Marshall & East Texas Railway Company alone; that this company had an agreement with the appellant, Missouri, Kansas & Texas Railway Company of Texas, by which the Marshall & East Texas Railway Company was permitted to use the yards, railroad tracks and depot buildings of the Missouri, Kansas & Texas Railway Company of Texas at Winnsboro, and that those premises were under the exclusive control of the appellant company. It is also shown that when the passenger train of the Marshall & East Texas Railway Company reached Winnsboro the engineer, Beasley, received his instructions from the agents of the Missouri, Kansas & Texas Railway Company of Texas at that place as to where he should place his engine and train upon that occasion; that on the day when this injury occurred he had been directed to place them upon the track where they were at the time, commonly called the 'house track.' The testimony further shows that Beasley, the plaintiff, was looking under his engine at the time he was injured; that the pole over which he stumbled was estimated to be from three to five inches in diameter and from five to seven feet long, and was lying near the track and at an oblique angle therewith. There is nothing to indicate that

it was concealed or might not have been discovered by him, even by a casual glance.

"Question. Was this testimony sufficient to show that Beasley was guilty of contributory negligence as a matter of law?"

In answer to the seventh question we answer: No.

To the sixth question we answer: It was not necessary that the objections to charges given and refused should be set up in the motion for a new trial. Western U. Tel. Co. v. Mitchell, 89 Texas, 441, 35 S. W., 4.

Articles 2061 and 2062, Revised Statutes, 1911, being articles 1361 and 1362, Revised Statutes, 1895, read:

"Art. 2061. The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as excepted to in all cases."

"Art. 2062. Where the ruling or other action of the court appears otherwise of record, no bill of exceptions shall be necessary to reserve an exception thereto."

Construing those articles this court held in the case cited, and others, that it is not necessary to embrace in the motion for rehearing in the trial court, any action or ruling of that court in giving or refusing charges as mentioned in said articles. Rule No. 24 of the rules adopted by this court for the Courts of Civil Appeals reads:

"The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in the motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in Rule 23."

The language of the rule is not quite clear, but the Supreme Court can not by rule set aside a statute, therefore Rule 24 must be construed so as to harmonize with the articles of the Revised Statutes, copied herein, and with the former decisions of this court. Thus interpreted that rule does not require that the giving or refusing charges to the jury shall be included in the motion for rehearing in the trial court. We have heard that the Legislature at its recent session enacted a law upon this subject, but we are not informed of its provisions. However, this opinion will not affect that Act if there be such.

To the first question we answer, that the Missouri, Kansas & Texas Railway Company of Texas having furnished its tracks and yards at Winnsboro to the Marshall & East Texas Railway Company for the purpose for which it was being used by Beasley, the Missouri, Kansas & Texas Railway Company of Texas owed to the servants of the Marshall & East Texas Railway Company the same duty to furnish a safe place to work, as to its own servants, and Beasley had a right to assume that the yard was in a safe condition, and he was not required to inspect

the premises.   Trinity & S. Ry. Co. v. Lane, 79 Texas, 643, 15 S. W., 477, 16 S. W., 18.

In Trinity & Sabine Railway Company v. Lane, *supra,* this court by Chief Justice Gaines said: "The plaintiff being employed upon the train of another company which was making trips over the defendant's road, as the evidence shows, was entitled to presume that this duty would be performed, and having been injured by reason of the failure to perform it, he is entitled to recover of defendant damages for his injury.   Nugent v. Railway Co., 80 Me., 62, 12 Atl., 797, 6 Am. St., 151."

The charge correctly stated the law to be that Beasley might rely upon the presumption that the yard was safe, "unless he knew that the duty had not been performed or unless in the discharge of his duty he must necessarily have acquired such knowledge."   Beasley would not have been justified in shutting his eyes to any obstacle that was obvious, but, engaged as he was, he was not required to look for such objects on the yard.   Every duty required of railroad companies which tend to guard employees against the hazards of the employment must be performed in a reasonable manner in order to relieve the company from liability for injuries arising from defective yards, tracks and machinery. The employee when engaged in handling trains has little opportunity to inspect the track or cars, hence the law only requires that he take notice of such defects as are obvious to him in the discharge of his duties.

Question four submits this charge, which the court gave:

"If you should find that the plaintiff is entitled to recover against the defendant or defendants, then you will allow him a sum of money that will reasonably compensate him for the time he has lost by reason of the said injuries, if any, and the time that he will lose in the future if you should find that he will lose any time in the future, and for his decreased capacity to earn money in the future, if any, and for mental and physical suffering endured by the plaintiff by reason of said injury, if any, and for such mental and physical suffering as the plaintiff may endure in the future if you shall find that he shall endure mental and physical suffering in the future, and fix said damages at such amount as if paid at this time will reasonably compensate him for the damages sustained."

It is urged in the motion for rehearing that the charge permits double recovery, and we grant the motion and withdraw the former answer, substituting the following:

The sum given for impaired capacity to labor represents the difference between the earning power before injury and after the injury.   If the party could earn two dollars per day before and one dollar per day after the injury, then a verdict which gives one dollar per day for impaired capacity to earn money in the future in fact gives one-half of the value of each day's service in the future of his life.

The earning value of the whole future life in the unimpaired state must be included in the sum which represents the value of lost capacity and the amount which may be earned in the impaired state.   The value of capacity unimpaired being estimated at two dollars per day and the

injury having reduced the capacity one-half, the sum given on account of impaired ability to earn money would represent one-half of the earning power for every day the person might live, and it follows that if time should be thereafter lost by reason of his injury he could not lose more than one dollar per day because one dollar for that day has been included in the sum allowed for impairment of capacity.

The measure of recovery for lost time would be that sum which plaintiff could earn in his impaired condition, and taking two dollars per day as the assumed basis of value for unimpaired ability to earn, and one dollar per day being allowed for impairment of capacity, the time lost would be worth one dollar per day. Under the charge given no measure of value for time lost in the impaired state is given, but the jury was left without a guide or limitation, hence they may have assessed damages for time lost at its value in the unimpaired state, which would be double compensation, since one-half would be included in the assessment for impairment. Therefore the charge would permit but does not require the jury to give double compensation for lost time.

The damages which may accrue after a trial are speculative, and especially is that true as to time which may be lost in future, as the result of an injury, and the rule for the ascertainment of the sum to be given is a question of law of which a jury can not be presumed to be informed, therefore in submitting such issue a trial judge should be so explicit in his instructions that the jury could not obey the direction of the court and award to the plaintiff damages based upon an improper ground or measured by an incorrect rule of law.

Filed June 18, 1913.

UPON MOTION OF APPELLEE, Y. Y. BEASLEY, FOR A REHEARING.

Mr. Justice HAWKINS delivered the following opinion:

The members of this court are unanimous in overruling the motion of appellee Beasley for a rehearing.

We all adhere to our former conclusion that the charge to the jury in this case upon the measure of damages "would permit, but does not require, the jury to give double compensation for lost time." 155 S. W., 183.

My brethren do not desire to say anything further in the premises.

However, the importance of the question involved, the frequency of its recurrence in the courts and the status of the decisions in this State upon the point impel me to say this in agreeing to the above mentioned action upon said motion:

1. This case comes to us upon certified questions from a Court of Civil Appeals, and not upon an application for a writ of error. Consequently the ultimate question as to the effect of the charge upon the measure of damages is not now before us, and must be relegated to the Court of Civil Appeals.

2. I think that under the decisions of several Courts of Civil Appeals and of this court, bearing upon the point involved, that question, as it

is applicable to the facts and circumstances of this case, is, perhaps, an open one in this State.

The transcript shows that no special charge relating to double damages or to the measure of damages was requested by appellant.

Filed November 5, 1913.