## HOUSTON CITY STREET RAILWAY COMPANY V. CHARLES G. REICHART.

### No. 237.

**1. Misjoinder of Actions.**

Action by father in his own right and as next friend for his son, also made plaintiff, for damages resulting from personal injuries suffered by the son through alleged negligence of the defendant. It seems that exception for misjoinder of actions should have been sustained ....................... 544

**2. Contributory Negligence—Promise to Repair.**

Suit for damages for injuries sustained in crossing, on a hose cart, a street railroad track. It was in evidence that the officers of the street railroad had been notified of the bad condition of the track, and had promised to repair it. This promise was known by the plaintiff, who was the driver of the hose cart. The court charged the jury, that "plaintiff would have a right to rely on such promise, if any, and if, while he was relying on the same, he was injured by want of reasonable care of the defendant, * * * you will find for the plaintiffs." *Held*, error:

1. It was not a case of a servant whose master had promised him to repair defective machinery. There was no contractual relation between the plaintiffs and the defendant. .... ............ .. .... ..... .. ..... 545

2. While knowledge by plaintiff of the promise to repair was a circumstance to be considered on the issue of proper care, still his reliance upon such promise could not defeat the defense of contributory negligence, if it was shown. .. .............. ......... ............................. 545

3. Whether an ordinarily prudent man would have relied upon a mere promise to repair known to exist is a question of fact, and should not have been taken from the jury............................................................ 546

## 3. Charge—Damages Duplicated.

Suit by father in his own right and as next friend for his minor son, for damages for injuries to the son from alleged negligence of the defendant. The court instructed the jury: "If you find for the plaintiffs, consider (under the evidence) C. G. Reichart's (the minor's) loss, if any, of time and lessened capacity, if any, to earn money, up to the arrival of the age of 21 years, at his usual vocation, and expenses necessarily and reasonably incurred for medical attention and nursing, and for care, as the result of such injury, if any, for which defendant is liable, and find such sum for the father. You will consider (second) the son's pain and suffering, if any, as the result of such injury, if any, and his loss of time, if any, and lessened capacity, if any, to earn money at his usual vocation after arriving at the age of 21 years, and such sum, if anything, you will find for the son." *Held*:

1. That this does not authorize the double recovery for the same damages for loss of time from the injury......... .............................. 546

2. Loss of time as basis of damages should be limited to the loss up to the time of trial. ................................................................ 546

3. It is not clear that an instruction which directs the jury to allow both for prospective loss of time and lessened capacity for work is free from objection........ ........................................ .................... 547

ERROR to Court of Civil Appeals for First District, in an appeal from Harris County.

The opinion contains a sufficient statement.

*Jones & Garnett*, for plaintiff in error.—1. The Court of Civil Appeals erred in failing to sustain the ninth assignment of error of your petitioner, which is as follows:

"The court erred in charging the jury at plaintiff's request, as follows: 'If the tracks of the defendant at the corner of Fifth and Washington streets were in a bad and dangerous condition to persons passing over the same, and you believe that complaint of the dangerous condition of said tracks, if such was the case, was made to the defendant or any of its authorized agents, and if said defendant, or its authorized agents, promised or agreed to repair said tracks; and if you further believe that such promise or agreement, if any, was communicated to C. C. Reichart by some person authorized to do so, then you are instructed that said Reichart would have a right to rely on such promise, if any, and if, while he was relying on the same, plaintiff was hurt or injured by want of reasonable care of the defendant, as in the court's charge defined, then you will find for plaintiff.'"

This charge was erroneous and misleading, calculated to confuse the jury, failed to state the law, and was to the manifest prejudice of the defendant, because there were no allegations in plaintiff's petition to authorize the court in giving such charge, and no allegations

in said petition embracing the facts set forth in said charge; and because the defendant was under no obligation by reason of any connection with, or any relation to the plaintiff, to make the promise and agreement on which such charge is predicated, nor was the plaintiff, for any reason whatever, authorized to rely upon such promises and agreements, even if any were made, as an excuse for his recklessness and want of care in the management and driving of his vehicle, and because said charge was on a matter entirely outside of the case, and upon facts in no way connected with it, and not alleged in plaintiff's petition, and because the supposed promises and agreements are not required by the charge to have been made to the plaintiff, and yet the jury are instructed that the plaintiff had a right to rely upon them.

(1) There were no allegations in the plaintiff's pleadings authorizing the charge, nor the submission of any issue as to whether a promise had been made by petitioner to repair, or communicated to plaintiff, nor as to whether plaintiff relied on such promise. Loving v. Dixon, 56 Texas, 75; Railway v. Terry, 42 Texas, 451; Railway v. Greenlee, 62 Texas, 344; Dennison v. League, 16 Texas, 408; Railway v. Seligman, 23 S. W. Rep., 298.

(2) The charge complained of in the ninth assignment of error is also erroneous, because its effect is to relieve the plaintiffs below from any negligence on their part in crossing the defendant's track, if one of them relied on the supposed promises and agreements. In other words, under this charge, even if the plaintiffs exercised no care or diligence of any kind whatever to see or ascertain the condition of the tracks before attempting to drive across them, still the jury were required to find for the plaintiffs if they found that they were relying on a promise which they did not know had ever been complied with, and which the plaintiffs had never been informed had been complied with, notwithstanding the plaintiffs may have been reckless, careless, and negligent in their manner of driving over the tracks, and thus contributed to their injury. McDonald v. Railway, 86 Texas, 2; Railway v. Dean, 76 Texas, 73; Ryon v. Railway, 80 Texas, 59.

2. The trial court erred in that portion of its charge to the jury which is in the following language: 'If you find for the plaintiff, consider (under the evidence) C. G. Reichart's loss, if any, of time and lessened capacity, if any, to earn money up to the arrival of the age of 21 years, at his usual vocation, and expenses necessarily and reasonably incurred for medical attention and nursing, and for care as the result of such injury, if any, for which defendant is liable, and find such sum for the father, C. C. Reichart. You will also consider (second) C. G. Reichart's pain and suffering, if any, as the result of such injury, if any, and his loss of time, if any, and lessened capacity, if any, to earn money at his usual vocation, after arriving at

the age of 21 years, and such sum, if anything, you will find for the plaintiff, C. G. Reichart, the son.' "

This charge is erroneous, prejudicial to the defendant, unauthorized by the pleading, and does not state the law, in that it does not instruct the jury or inform them who incurred the expenses, necessary and reasonable, for medical attention and nursing, whether the father, C. C. Reichart, or the son, C. G. Reichart; nor does it inform the jury as to which one of the plaintiffs would be liable therefor, and entitled to recover for the same, and yet instructs the jury to find for such expenses in favor of the father, C. C. Reichart; when there are no allegations in plaintiffs' petition, that he incurred any expenses for medical attention to his son; and because, in the first paragraph of and the charge above quoted and objected to, the court instructed the jury to find for the father, C. C. Reichart, the expenses necessarily and reasonably incurred for medical attention and nursing, and for the care of C. G. Reichart, the son, as the result of the injuries complained of; and also instructs the jury to find for the father for the son's loss of time; and in the second paragraph of the charge above quoted, the court instructs the jury to consider C. G. Reichart's loss of time, if any, and also instructs the jury to find for the plaintiff, C. G. Reichart, the son, for such loss of time, thus instructing the jury, and allowing the jury to find for the loss of time of the son, in favor of the father, and for the loss of time of the son also, in favor of the son, whereas the father alone would be entitled to recover for such loss.

*Hutcheson, Campbell & Sears*, for defendants in error.—1. Charges given to a jury should be construed and considered as a whole, and with reference to the facts and law of the case, and not in isolated parts.

The court charged the jury fully as to defendant's liability if its tracks were in bad condition, and their condition caused plaintiff to be hurt, and also made exceedingly prominent in its own charge, and in defendant's special charges, that plaintiff could not recover if his own acts or omissions caused the damages. At defendant's request the court also charged, that if plaintiff knew of the dangers or obstructions in the street, and failed to use ordinary care to avoid them, he could not recover. All this was accepted as the law. Plaintiff only asked that as it was defendant's duty, fixed by law, to keep its tracks in safe condition, and defendant had promised to repair them, that he had a right to rely on the promise, not knowing, and having no way to ascertain at the time, whether the promise had been fulfilled; that he had a right to use the street under the same conditions that he could use any other. In the position he was in, it would seem to us too plain for argument that plaintiff had no way at the time to discover whether defendant's promise to repair—its public duty—had been performed or not. It would seem to us he had a right to rely on the fact that the

tracks were in a reasonably safe condition, as it was defendant's duty to keep them so, and it had specially promised to put them in repair.

Then if, while so relying on the promise, legal and actual, that the track should be in good condition, using the street as he would any other under the authorized belief that it was reasonably safe, he was hurt by want of care on the part of defendant, and through none of the numerous acts and omissions of his own set out in the charges, it would seem he would be entitled to recover. The charge, in connection with the others given, means nothing more than that, if the promise to repair was made and had been communicated to plaintiff, he would have a right to rely on it to the extent of using the street as he could any other, being responsible for his own acts of negligence. To put any other construction on it is an absurdity. It was so argued below, and fully understood by court and jury, and, despite the contentions of counsel, it will be so understood by this court. The charges in nowise relieved plaintiff of any fault or negligence of his own, but unduly iterated and reiterated that if hurt by fault of his own he could not recover. The charges fully submitted the question of negligence.on the part of the company, and this special charge complained of stated that plaintiff would have a right to rely on defendant's promise to repair, and if, while relying upon the promise, he was hurt by reason of the want of care on defendant's part, as in the court's charge defined, he would be entitled to recover; but if he contributed to his own injury, in the ways mentioned in the charge and special charges, he could not recover. The special charge only gave Reichart the right to believe that the street had been put in ordinarily safe condition, the facts showing that he could not at the time know whether it was or not, and in nowise relieved him from condemnation for any fault of his own. Being engaged in the business of going to fires, with no other orders than to go as rapidly as possible, common sense would teach that he had little time to find out whether defendant's tracks at a point around the corner from the way he was driving had been repaired or not. The promise had been made to repair, and the legal duty of defendant was to repair. Did Reichart have the right to rely on that promise, or rely on the fact that the defendant was lying when it promised to repair? We believe he had a right to rely on the belief that the tracks in the street had been put in ordinary safe condition, and "if the carriage at the time was managed with reasonable care, and plaintiff did not contribute to his injuries by failing to use reasonable care," and was hurt by defendant's want of care, as in the court's charges defined, plaintiff should certainly recover, and this is what the court instructed the jury.

2. The court instructed the jury to find for the father for the son's loss of time up to the son's arrival at the age of 21 years, and to find for the son "for his loss of time, if any," after arriving at the age of

21 years. This was a correct instruction, for the son is entitled to the value of his time after becoming of age, and the evidence fully showed that the son would suffer a loss of time after becoming of age. Railway v. Duelin, 25 S. W. Rep., 407.

GAINES, CHIEF JUSTICE.—Charles · C. Reichart and Charles G. Reichart are father and son. The father was the driver of a hose cart in the fire department of the city of Houston. The son was assistant foreman in the same company, and it was his duty upon an alarm of fire to mount the hose cart, which was driven by his father, and to proceed to the scene of the conflagration. On the occasion which gave rise to this litigation, an alarm having been given, the son mounted the cart beside his father, who held the reins, and the latter drove rapidly in the direction of the fire. It became necessary to cross the track of the Houston City Street Railway, and in attempting to do so the cart was overturned and the son was seriously injured. The son being a minor, the father, for himself and as next friend of his son, brought this suit against the street railway company to recover damages resulting from the injuries.

The gist of the action, as alleged in the petition, was that the defendant company had negligently constructed and maintained its track, in this respect, that the iron projected above the grade of the street so as to make it dangerous for vehicles to cross it. The defendant excepted to the petition, on the ground of the misjoinder of actions; and it would seem, that if the exception had been insisted upon it should have been sustained. But the record does not show that it was called to the attention of the trial court.

The defendant pleaded, among other things, contributory negligence. Upon the trial there was a verdict and judgment for the father, C. C. Reichart, for $500, and for the son, C. G. Reichart, for $7500.

The court in the general charge instructed the jury, in effect, that if the hose carriage was overturned by reason of negligence in the construction or maintenance of defendant's track, and that C. G. Reichart was thereby injured, and that the person in control of the carriage at the time did not and by the use of reasonable care under the circumstances could not have known of the condition of such track, or if, knowing of such condition. he used reasonable care to avoid the injury, they should find a verdict for the plaintiffs. Among other things, the jury was also instructed in the general charge, that "if the plaintiffs or the person in control of the carriage at the time knew, or with ordinary care under the circumstances could have known, of the defect in the track, or so knowing did not under the circumstances use reasonable care," to find a verdict for the defendant.

After the general charge was given at the request of the plaintiffs, the court gave the jury the following special instruction: "That if the

tracks of the defendant, at the corner of Fifth and Washington streets, were in a bad and dangerous condition to persons passing over the same, and you believe that complaint of the dangerous condition of said tracks, if such was the case, was made to the defendant, or any of its authorized agents, and if said defendant, or its authorized agents, promised or agreed to repair said tracks, and if you further believe that such promise, or agreement, if any, was communicated to C. C. Reichart by some person authorized to do so, then you are instructed that said Reichart would have a right to rely on such promise, if any, and if, while he was relying on the same, plaintiff was hurt or injured by want of reasonable care of the defendant, as in the court's charge defined, then you will find for plaintiffs.''

This charge is assigned as error. There was evidence showing that the street commissioner and the chief of the fire department had notified the officers or agents of the defendant company of the dangerous condition of the track at the place of the accident; that there had been a promise on part of such officers or agents to repair the defect, and that the promise had been communicated to C. C. Reichart. It is not the case of a servant whose master has promised him to repair defective machinery. There was no contractual relation between either of the plaintiffs and the defendant. Knowledge on part of C. C. Reichart that the company had promised to repair the track was a circumstance to be considered by the jury in determining the question whether or not he used proper care in attempting to cross it. But his reliance upon a promise so made and communicated could not defeat the defense of contributory negligence, if as a matter of fact he did not exercise due care in endeavoring to pass the obstruction. We feel safe in saying, that it was not the intention of the learned trial judge to so charge. But the question for us to determine is, how might the jury have considered the instruction? The charge contains an independent proposition, and is complete in itself. It refers to no other instruction by which it is to be qualified. It tells the jury, in effect, that if the promise had been made and communicated, and if the father relied upon it, then they should find a verdict for both plaintiffs. It was well calculated to induce the jury to believe that it was the intention of the court that it should override all instructions given in reference to the defense of contributory negligence, and to make it their duty to find for the plaintiffs, notwithstanding that either or both of them had negligently attempted to cross the track.

But even if the jury had been told that under the facts stated they should find for the plaintiffs, unless they should believe that the plaintiffs were guilty of contributory negligence as elsewhere charged, the charge, we think, would have still been erroneous. The making of the promise and its communication to C. C. Reichart bore only upon the question of his knowledge of the defect at the time he approached

the track. If he once knew of the defect, and had been induced by information such as a prudent man would have acted on to believe that it had been repaired, it would have been very much as if he had never known it. But would an ordinarily prudent man have relied upon a mere promise to repair? In other words, would he have assumed from such promise that the track had been repaired? This was a question of fact, and the instruction took it away from the jury.

C. C. Reichart, in the Court of Civil Appeals, remitted the judgment in his favor. The error, therefore, so far as it affects the recovery in his behalf, is immaterial. We concur, too, with the Court of Civil Appeals in holding that his negligence should not be imputed to his son; but do not concur in the conclusion, that the error was harmless as to the son. We can not say that if the jury had found C. G. Reichart negligent, the finding would have been without evidence to support it. The judgment must therefore be reversed.

Upon the measure of damages the court gave the following instructions: "If you find for the plaintiffs, consider (under the evidence) C. G. Reichart's loss, if any, of time, and lessened capacity, if any, to earn money, up to the arrival of the age of 21 years, at his usual vocation, and expenses necessarily and reasonably incurred for medical attention and nursing, and for care as the result of such injury, if any, for which defendant is liable, and find such sum for the father, C. C. Reichart.

"You will also consider (second) C. G. Reichart's pain and suffering, if any, as the result of such injury, if any, and his loss of time, if any, and lessened capacity, if any, to earn money at his usual vocation, after arriving at the age of 21 years, and such sum, if anything, you will find for the plaintiff, C. G. Reichart, the son."

These instructions are also assigned as error. At the time of the accident C. G. Reichart, the son, was a minor, and at the time of the trial he was still under 21 years of age. He testified upon the trial, and it is at least inferable from his testimony that his general health had been restored, so that he was capable of performing hard labor. He was permanently crippled, however, in his lower limbs, and his ribs which had been broken were misplaced. It is complained, that the charge permits of a double recovery for the same damage—that is, allows the father to recover for the son's loss of time, to which he was clearly entitled, if entitled to recover at all; and the son to recover for the same damage. We incline to think, that a critical examination of the charge, and especially a comparison of the two paragraphs, do not sustain this contention. They seem to us to draw a line of demarkation for loss of time and lessened capacity to earn money up to the time of the son's majority, and such loss and lessened capacity after that time; and to give a recovery to the father for the former and to the son for the latter. However, loss of time, as we think, ought to

refer to such loss as has accrued at the time of the trial. Loss of time which may subsequently occur would, in a case like this, result from diminished capacity for labor, and ought to be included in· it. In a matter necessarily so indefinite and difficult of determination, much is left to the speculation of the jury; and a charge should be so framed as to define clearly the elements of damage which they are to take into computation. While determining the pecuniary loss likely to accrue from diminished capacity for earning money, they would likely consider the probable loss of time which would accrue from the injury, it is not clear that an instruction which directs the jury to allow both for prospective loss of and lessened capacity for work, is free from objection. It is calculated to confuse, and may result in swelling the damages. This is especially so·in a case like this, in which the capacity to do continuous work remains, and the capacity to do as much work or as effective work is lessened.

For the errors in the charges above quoted, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 25, 1895.