## DAVIS, PRUNER & HOWELL V. R. M. WOODS.

No. 2413.  Decided November 17, 1915.

**1.—Damages—Loss of Time.**

Evidence in an action for personal injuries is held not so conclusive of plaintiff's complete recovery from injuries which would prevent him from working as to make it error to submit future loss of time as a possible element of damages recoverable. (Pp. 379, 380.)

**2.—Same—Diminished Earning Capacity.**

In an action for damages from injuries resulting in amputation of plaintiff's arm, the charge permitted the jury to award such sum as would compensate for "any loss of time which he may have sustained in the past and will probably sustain in the future by reason of his diminished earning capacity." Held:

1. That only such loss of time as resulted from diminished earning capacity being submitted, and loss by such diminished capacity being submitted only

so far as it caused loss of time, this, the loss of time, was meant in the sense that the reduction of the value of a man's working time by lessening his working power, thereby denying him the full benefit of it, works a loss of a portion of such time. Houston City St. Ry. Co. v. Reichart, 87 Texas, 539.

2. That a submission of loss of time and of impaired capacity as separate elements of damages would be preferable.

3. But as above construed the charge considered was not technically erroneous; and its effect favorable to the defendant rather than to the plaintiff. (Pp. 379-381.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Clay County.

Woods sued Davis, Pruner & Howell and recovered judgment. Defendants appealed, and on affirmance obtained writ of error.

*Montgomery & Britain,* for plaintiffs in error.—Where the evidence shows that the plaintiff in a suit for personal injuries has recovered from the injury except that he is partially incapacitated, the measure of damages as to the future is not the loss of time which he will sustain, but the amount which will compensate him for his decreased earning capacity.

*Wantland & Parrish, Taylor & Humphrey,* and *N. A. Stedman,* for defendant in error.—The testimony showed that though nearly two years had elapsed between the date of the injury and of the trial plaintiff had been able to work only a small portion of the time, and at the date of the trial he was constantly suffering with his injuries, at times severely, and at other times less severely, and the general condition of his health was bad. I. & G. N. R. R. Co. v. Clark, 96 Texas, 349, 72 S. W., 584-5; Wichita Cotton Oil Co. v. Hanna, 139 S. W., 1000; Houston City St. Ry. Co. v. Reichardt, 87 Texas, 539, 29 S. W., 1040-1042; M. K. & T. Ry. Co. v. Vance, 41 S. W., 170.

Loss of time which may subsequently occur would in a case like this result from diminished capacity to labor. Houston City St. Ry. Co. v. Reichardt, 87 Texas, 539.

Unquestionably a person sustaining such injury as Woods suffered, namely, the loss of an arm, is entitled to damages for his diminished capacity to earn money in the future. The charge, however, gave him the benefit of that view only in a restricted sense, by limiting his recovery to the loss of time resulting from his diminished capacity to earn money. The charge was plainly prejudicial to the plaintiff by unduly restricting his recovery to loss of time; but, for the reason that it was prejudicial to plaintiff, it was unduly favorable to defendant, with the result that defendants have no cause for complaint. There is no criticism of the charge, in so far as it permitted the jury to allow plaintiff for loss of time already sustained, but the attack is directed against that feature having reference to future loss of time. It was not essential that plaintiff should offer demonstrative evidence to establish that he would lose time in the future as the result of his in-

juries. The rule governing such cases is aptly stated by this court in G. C. & S. F. Ry. Co. v. Harriett, 80 Texas, 83.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit of the plaintiff in the trial court, R. M. Woods, was for damages on account of an injury to his arm, resulting in its amputation below the elbow, sustained while working in a gin owned and operated by the defendants, Davis, Pruner & Howell, the present plaintiffs in error. He recovered a judgment in the sum of $2000.00. The writ of error was granted on account of the charge of the court in its submission of the measure of damages, and that is the only question we find it necessary to discuss.

The injury occurred on December 12, 1908. The trial was had nearly two years later. The amputation of the plaintiff's arm was the result of the injury. His testimony was that before the injury he could earn from $2.00 to $3.00 a day in the oil field at Petrolia, but since, he had just barely been making a living; that prior to the injury his health was good and his weight 140 pounds, but his physical condition had not been as good since, and his weight at the time of the trial was 125 pounds; and that he could not do anything that he was able to do before losing his hand. That the first work he did after being injured was in a hotel in Petrolia, about the first of February, 1909; that he worked there about a month, after which he did nothing until August or September; that he was a partner in a bath-house there until the first of March, 1910, when he went into the fruit and vegetable business, in which he was engaged at the time of the trial. He further testified to the pain he had suffered, and that the arm still hurt him, going, sometimes, as long as three weeks without paining him and then hurting for two or three days. It is to be gained from his testimony that before the injury he was steadily employed.

The charge of the court on the measure of damages reads:

"If you find a verdict for the plaintiff, in estimating his damages (if any) you may take into consideration the following matters, if they have all been proven, and if they have not all been proven, you may take into consideration such of them as have been proven, if any:

"(a) Such sum of money, if paid now, as will reasonably compensate plaintiff for any loss of time which he may have sustained in the past and will probably sustain in the future by reason of his diminished capacity, if any, to earn money.

"(b) Such a sum of money, if paid now, as will reasonably compensate plaintiff for any pain of body or mind which he has sustained in the past, if any, by reason of his injuries, if any."

The complaint made of the charge is its submission of prospective loss of time as an element of damages. It is urged that the evidence established the plaintiff's complete recovery from the injury, and that he had since been at work at various times and over an extended period; wherefore no inference that he might lose any time after the trial was

warranted; and, accordingly, in respect to any loss of future earnings, only damages resulting from impaired capacity to labor, as a consequence of the injury, were recoverable.

We are not prepared to say that such was the force of the evidence, precluding all reasonable probability of there being no time in the future when the plaintiff would be unable to work on account of his injury, as distinguished from simply being impaired in his capacity to work. There was no direct testimony that he had fully recovered from the injury and its effects, and such is not necessarily inferable from the positive evidence. He testified that at the time of the trial his arm still hurt him for days at a time. From his statement concerning his general physical condition before and since the injury, if credited, the belief would have been warranted that he still suffered in his general health from its effects. With this in the proof, though he testified to having, for a month's time, done some work, beginning in February after the accident in the preceding December, but then going until August or September without doing anything,—as it might reasonably be concluded, because either unable to work, or unable to obtain such work as a man in his condition could perform, it can hardly be said that his complete recovery from the injury at the time of the trial was conclusively shown, and that there could be no warrant for a finding that he would lose any time in the future on account of it.

But if it be granted that his complete recovery was shown, the charge was not erroneous. Neither prospective loss of time, nor impaired capacity for labor was submitted to the jury as a distinct element of the recoverable damages, though, from the nature of the plaintiff's injury, there could be no question of his capacity for labor being permanently impaired. In these particulars, the charge permitted the allowance of compensation only "for such loss of time as the plaintiff would probably sustain in the future by reason of his diminished capacity, if any, to earn money."

In Houston City Street Railway Company v. Reichart, 87 Texas, 539, 29 S. W., 1040, it was said that in a case where the plaintiff had at the time of the trial recovered entirely from his injury, loss of time which might subsequently occur "would result from diminished capacity for labor," and ought to be included in it. That was a case where the plaintiff had at the time of the trial fully recovered from the injury, and in which the charge on the measure of damages submitted both the element of loss of time in the future and that of impaired capacity. Assuming that the evidence established here the complete recovery of the plaintiff from his injury, and that the element of loss of time occurring after the trial would have been included in that of impaired capacity had the latter been distinctly submitted, was it erroneous to charge, with impaired capacity not submitted, that allowance might be made, not unqualifiedly for such loss of time as the plaintiff would probably sustain in the future, but for such loss of time as he would probably so sustain "by reason of his diminished capacity

to earn money"?   It would seem not, if in such a case, as held in
Street Railway Company v. Reichardt, the time he would probably so
lose, "would result from diminished capacity to labor."

That opinion recognizes, in other words, that in such a case time
may be lost in the future, not independently of impaired capacity for
labor, but as the result of it, in the sense that the reduction of the
value of a man's working time by lessening his earning power, thereby
denying him the full benefit of it, works a loss of a portion of such time.

Considered in this light, the charge here was not technically erro-
neous, for, as already noted, it limited any recovery for loss of time
in the future to such loss only as might occur by reason of the im-
pairment of earning capacity.   It was favorable to the plaintiffs in
error in its effect, rather than prejudicial to them.

In cases where there is no probability that time will be lost in the
future in the ordinary sense, but there will be diminished capacity for
labor, it is preferable that impaired capacity, as an element of the
damages, be submitted independently and without qualification.   In
such instances it is entitled to be considered as an independent ele-
ment of the damages, and will include any possible loss of time in the
future that it could be reckoned might result from impairment of earn-
ing capacity, rendering unnecessary any reference to future loss of time.

The judgments of the District Court and the Court of Civil Appeals
are affirmed.

*Affirmed.*