## INTERNATIONAL–GREAT NORTHERN R. CO. v. HALL.

### No. 9315.

Court of Civil Appeals of Texas. San Antonio.

April 11, 1934.

Rehearing Denied May 9, 1934.

Andrews, Kelley, Kurth & Campbell, of Houston, and Eskridge & Groce, Geo. S. Rice, Jr., and F. C. Davis, all of San Antonio, for appellant.

Carter & Lewis, of San Antonio, for appellee.

MURRAY, Justice.

This is a suit instituted by appellee on May 24, 1932, to recover damages from appellant for injuries alleged to have been suffered by her while a passenger on one of appellant's trains. She alleged that on April 27, 1931, in stopping at Troup, Tex., the train on which she was a passenger was caused to jerk or jolt in such a way as to throw her across the ladies' dressing room, as the result of which she sustained an injury, for which she asked damages in the sum of $15,000.

Appellant answered by general denial and specially pleaded that the train was operated in a careful and prudent manner and that the stop at Troup was made in the ordinary and customary way; that there was no jerking or jolting, and that, although the accident was alleged to have occurred in April, the first notice the appellant had that a claim was being made by any passenger on the train came from appellee's attorney the following June; that appellee was a traveling beauty specialist, and as such was very familiar with trains and knew what to expect when a train was about to come to a stop. Appellant further alleged that since the date of the alleged accident appellee continued in her employment, made trips to New York City and to various towns and cities over the states of Texas, Louisiana, and Mississippi, and had continued to perform her duties to the satisfaction of her customers and employers.

The cause was submitted to a jury upon special issues, and, on the findings of the jury, judgment was rendered against appellant in the sum of $12,500, from which judgment the railroad company has appealed.

Appellant presents two propositions, one contending that the judgment was so large and out of proportion to the injuries sustained to show that the jury were not fair and impartial, but were governed by passion and prejudice in arriving at their verdict; the other contending that the finding that the injury occurred was so against the preponderance of the evidence as to also show the passion and prejudice of the jury.

These two propositions are grouped together in appellant's brief and will be here discussed in the same manner. Appellee testified in substance that, when the train stopped at Troup, on the occasion of her alleged accident, by reason of a sudden jerking or jolting of the train, she was thrown clear across the ladies' dressing room, that her back struck against a wash basin, and that she fell to her knees on the floor. From that day on she has been a constant sufferer, with her condition growing progressively worse. Up to the time of the trial she had lost thirty pounds in weight. Her left knee was severely injured, and resulted in the development of a chronic bursitis and water on the knee. Its condition progressed until it was swollen almost twice as large as normal and had to be placed in a cast and kept perfectly rigid for over four weeks. For some time she had to use crutches and a cane with which to get about, and the knee and left leg are still weak. She cannot do heavy lifting; her leg has given way and caused her to fall several times; it causes her to walk with a limp; causes almost constant pain; at times she has to keep it propped on a stool while working; and there is a limitation of motion in the kneejoint. Her back was sprained at the point where it joins the hips, which the evidence shows is a serious matter and impairs her general health and nervous condition, and causes general weakness. Because of her injuries she has been confined to her bed on four different occasions.

Her two attending physicians who were called as witnesses testified that in their opinion her injuries were permanent and of a serious nature, and constituted a serious handicap to her ability to get about and work, and were calculated to cause her much pain and suffering. She was shown to be well and healthy prior to the accident.

Appellant offered evidence which disputed and contradicted the evidence offered by the appellee, and the issues of facts thus raised were decided by the jury in favor of appellee.

The evidence was sufficient to support the findings of the jury upon which the verdict was rendered. It was the duty of the jury to decide these controverted facts, and it is our duty to uphold such findings of the jury when we find sufficient evidence in the record to support them.

The judgment of the trial court will therefore be in all things affirmed.