## TEXAS & N. O. R. CO. v. COE.

### No. 13490.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 29, 1937.

Rehearing Denied March 5, 1937.

Thompson & Barwise and Luther Hudson, all of Fort Worth, for appellant.

Lightfoot & Robertson, Robert C. Pepper, and Nelson Scurlock, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

There was a collision between an automobile driven by W. C. Coe and a train of the Texas & New Orleans Railway Company on a public street crossing in the city of Fort Worth, resulting in personal injuries to Coe and damage to his automobile. He instituted this suit to recover damages for his personal injuries, and depreciation in value of his car, and from a judgment for $2,500 for his personal injuries, and $175 damage to his car, aggregating $2,675, the defendant has appealed.

In appellant's brief it is stated that the findings of the jury that the collision was the proximate result of defendant's alleged negligence is not challenged, and that the only assignments of error relied on for a reversal of the judgment relate to the issue of measure of damages.

In addition to a general denial, the defendant pleaded specially that prior to and at the time of the accident plaintiff was suffering from various diseases and ailments, including syphilis, and that the disabilities and suffering alleged in his petition were the results of those diseases.

According to testimony of Dr. W. C. Duringer, witness for defendant, and Dr. Judge Lyle, witness for plaintiff, both of whom examined and treated plaintiff after the accident and whose testimony was not contradicted from any source, before the accident plaintiff was afflicted with serious venereal diseases of permanent character which might reasonably account for all or at least the major portion of the injuries for which he sued.

Following is the special issue submitted to the jury on the measure of plaintiff's damages, with the finding of the jury thereon:

"What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably and fairly compensate the plaintiff Willie Coe for any injuries, if any, received by him upon the occasion of the collision in question?

"In answering this question, the court instructs you that you may take into consideration in estimating any damages if any you find from a preponderance of the evidence, the nature of the injuries which you may believe from a preponderance of the evidence were received on the occasion in question, whether serious, permanent or otherwise, and assess such damages as you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff therefor, taking into consideration as elements of damage, if any you find, the mental anguish and physical pain, if any, directly resulting from the injuries received upon the occasion in question, which you may believe plaintiff has sustained from the date of said collision to the present time, and what you may believe from a preponderance of the evidence he may with reasonable probability suffer in the future, if any such future suffering you find, and the loss of earning capacity, if any, as a direct result of the injuries if any sustained on the occasion in question, in the past, and what you may believe from a preponderance of the evidence he may lose in the future in the way of loss in earning capacity, if any you believe he will lose in the future, as a direct result of the injuries, if any, received by him on the occasion in question; and you are instructed that in assessing any damages in this case, if any you find from the evidence should be assessed herein, you will only be allowed to assess such damages, if any, as you find from a preponderance of the evidence were directly and proximately caused as a result of the injuries, if any, received by the plaintiff upon the occasion of the collision in question, and you will not allow plaintiff any damages for any disability, if any, resulting from any other condition, injuries, or disease, if any, you may believe he has or has sustained, not directly and proximately resulting from the injuries, if any, received by him on the occasion in question.

"Answer: $2,500.00."

Defendant excepted to that instruction on the measure of damages on the ground that it did not affirmatively and explicitly inform the jury that plaintiff could not recover damages of any character directly resulting from the diseases with which he was afflicted at the time of the accident.

In appellant's brief it is admitted that such damages were in fact excluded by an instruction in general terms, but it is insisted that defendant was entitled to a presentation of that defense in an affirmative and specific manner under the doctrine

announced in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, and decisions following it, such as International & G. N. Ry. v. McVey, 99 Tex. 28, 87 S.W. 328; Hines v. Kelley (Tex.Com.App.) 252 S.W. 1033; St. L. S. W. Ry. v. Johnson, 100 Tex. 237, 97 S.W. 1039.

■ We believe the court's instruction, to which the exception was addressed, was a sufficient affirmative presentation of the point suggested by the exception; and a further instruction of like effect would constitute an undue emphasis of that defense. Wichita Falls, Ranger & Fort Worth Ry. v. Combs (Tex.Com.App.) 268 S.W. 447; Jordan v. Morten Inv. Co. (Tex.Com.App.) 90 S.W.(2d) 241.

■ Nor is there merit in the further exception to the charge that it did not confine plaintiff's loss of future earnings to such as will reasonably and probably result from his injuries; in view of the language of the entire instruction on the measure of damages, read in connection with the further correct definitions given of proximate cause and independent intervening cause, which it must be presumed the jury took into consideration. And in this connection it is to be noted that plaintiff was entitled to recover for any aggravation of his prior diseased condition resulting from defendant's negligence. 24 Tex.Jur. p. 626; Texas Elec. Ry. v. Jones (Tex.Com.App.) 243 S.W. 980; Panhandle & S. F. Ry. v. Miller (Tex.Civ.App.) 64 S.W.(2d) 1076 (writ refused); Armour & Co. v. Tomlin (Tex. Com.App.) 60 S.W.(2d) 204, 205, opinion by Judge Critz.

By another assignment complaint is made of the court's refusal to submit defendant's requested issue reading: "From a preponderance of the evidence, are you able to separate and distinguish the incapacity, if any, the pain, if any, and suffering, if any, suffered by W. C. Coe, as a proximate result of the collision here involved, from the incapacity, if any, pain, if any, and suffering, if any, of W. C. Coe, caused by disease or other causes not proximately caused by the collision herein involved? Answer yes or no."

■ This assignment is without merit, since the issue requested was not an ultimate issue of fact, an affirmative finding on which would of itself constitute a defense, but was evidentiary only.

Error is assigned to the instruction that in assessing plaintiff's damages the jury could take into consideration his "mental anguish" as well as physical pain directly resulting from the injuries he sustained in the accident. And on the trial that was one of defendant's exceptions to the charge on the measure of damages. The ground of objection was that there is no basis in the evidence for recovery of such damages.

■ According to testimony offered by plaintiff, he sustained a severe injury to his back, on account of which he is still unable to lift anything of appreciable weight; his back still pains him and he lost three weeks from his work on account of that injury; two of his teeth were broken off and others were so pushed from their sockets that they could be lifted out with the fingers; swelling in his groins; a discharge of blood in his urine following the accident and subsequent trouble in passing his urine. Under such evidence we are unable to say that this assignment presents reversible error. Western Union Tel. Co. v. Chamberlain (Tex.Com.App.) 169 S.W. 370; Ft. Worth & D. C. Ry. v. Miller, 112 Tex. 350, 247 S.W. 503.

■ And in view of that testimony in connection with testimony of Dr. Lyle that plaintiff's injuries are calculated to cause suffering in the future, we overrule the further assignment to the overruling of defendant's exception to the charge presenting the contention that there was no evidence to sustain a finding of future suffering from his injury. Davis, Pruner & Howell v. Woods, 107 Tex. 377, 180 S.W. 100.

■ From the definition of "market value" given in the charge, in submitting the issue of depreciation of market value of plaintiff's car as a result of its collision with defendant's train, we believe it clear that the jury necessarily must have understood that "cash value" was meant, especially in the absence of any evidence giving rise to any other meaning. Hence the overruling of defendant's exception to the charge for failure to instruct the jury that "market value" meant "cash value" presents no reversible error. State v. Carpenter, 126 Tex. 604, 89 S.W.(2d) 194, 979; Block v. State, 44 Tex. 620.

■ Nor can we say, as further insisted by appellant, that the damages found by the jury were so excessive as to indicate that in fixing the amount thereof the jury were influenced by bias or prejudice, and for that reason the judgment should be re-

versed. International-G. N. Ry. v. Hall (Tex.Civ.App.) 70 S.W.(2d) 1025; Phoenix Ref. Co. v. Tipps (Tex.Civ.App.) 66 S.W.(2d) 396; McMath Co. v. Staten (Tex.Civ.App.) 60 S.W.(2d) 290.

All assignments of error are overruled, and the judgment of the trial court is affirmed.